MORGAN, LEWIS & BOCKIUS LLP
Max Fischer, Bar No. 226003
max.fischer@morganlewis.com
Aimee Mackay, Bar No. 221690
aimee.mackay@morganlewis.com
Daniel R. Rodriguez, Bar No. 323955
daniel.rodriguez@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:    +1.213.612.2500
Fax:   +1.213.612.2501

Attorneys for Defendants
AMAZON.COM SERVICES LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUBEN ROMANOV, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM SERVICES LLC, a Delaware limited liability company; and DOES 1 through 20, inclusive,<br><br>Defendant. | Case No. 2:20-cv-2692<br><br>**DEFENDANT'S NOTICE OF REMOVAL**<br><br>Los Angeles County Superior Court, Case No.: 20STCV02837<br><br>State Complaint Filed: January 23, 2020<br><br>State Action Served: February 20, 2020 |

**TABLE OF CONTENTS**

**Page**

I.   PROCEDURAL BACKGROUND ................................................................... 3
II.  REMOVAL IS TIMELY ................................................................................ 4
III. THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA ............................................................................................................ 4
   A.   The Proposed Class Contains At Least 100 Members ........................... 4
   B.   Diversity of Citizenship Exists ............................................................... 5
   C.   The Amount In Controversy Exceeds $5 Million .................................. 6
      1.   Demonstrating the Amount in Controversy ................................. 8
IV.  VENUE ......................................................................................................... 11
V.   NOTICE ....................................................................................................... 11
VI.  CONCLUSION ............................................................................................ 12

**TO THE CLERK OF THE CENTRAL DISTRICT OF CALIFORNIA AND PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** the primary Defendant Amazon.com Services LLC ("Amazon" or "Defendant"), by and through its counsel, removes the above-entitled action to this Court from the Superior Court of the State of California, County of Los Angeles, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453. This removal is based on the following grounds:

## I. PROCEDURAL BACKGROUND

1. On January 23, 2020, Plaintiff Luben Romanov ("Plaintiff") filed an unverified putative class action complaint for damages in the Superior Court of the State of California, County of Los Angeles, entitled LUBEN ROMANOV, on behalf of himself and all others similarly situated, v. AMAZON.COM SERVICES LLC, a Delaware limited liability company; and DOES 1 through 20, inclusive, Case No. 20STCV02837 (the "Complaint").

2. On February 20, 2020, Plaintiff served Amazon with a copy of Plaintiff's Complaint, Summons, and accompanying service documents. A copy of Plaintiff's Complaint, Summons and accompanying service documents is attached as **Exhibit A** to the Declaration of Max Fischer ("Fischer Decl."), concurrently filed herewith.

3. Plaintiff has brought a putative class action on behalf of current and former non-exempt employees who worked for Amazon in California as "Delivery Associates."[1] Fischer Decl., Ex. A, ¶ 40.

4. Plaintiff alleges the following violations in eight causes of action against Amazon: (1) Failure to Provide Regular Pay/Minimum Wages; (2) Failure to Provide Overtime Premium Pay; (3) Failure to Provide Meal Periods and/or Meal Period Premium Pay; (4) Failure to Provide Rest Periods and Rest Period Premium Pay; (5) Failure to Reimburse for Necessary Expenditures Incurred; (6) Failure to Provide Accurate Wage Statements and Keep Accurate Payroll Records; (7) Failure to Timely Pay Wages Owed; and (8) Violations of California's Unfair Competition Law.  *Id.* ¶¶ 50-158.

---

[1] Plaintiff refers to these individuals as "Delivery Drivers" but Delivery Associate is the correct title for this position.

## II. REMOVAL IS TIMELY

5. Amazon was served with the Summons and Complaint on February 20, 2020. Because this Notice of Removal is filed within thirty days of service of the Summons and Complaint, it is timely under 28 U.S.C §§ 1446(b) and 1453. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). No previous Notice of Removal has been filed or made with this Court for the relief sought in this removal notice.

## III. THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA

6. Plaintiff seeks to bring this action as a putative class action on behalf of the putative class under Cal. Code Civ. Proc. § 382. Fischer Decl., Ex. A ¶ 41. Here, removal based on Class Action Fairness Act ("CAFA") diversity jurisdiction is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 because (i) the aggregate number of putative class members is 100 or greater; (ii) diversity of citizenship exists between one or more Plaintiffs and one or more Defendants; and (iii) the amount placed in controversy by the Complaint exceeds, in the aggregate, $5 million, exclusive of interests and costs. 28. U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1453. Defendant denies Plaintiff's factual allegations and denies that Plaintiff, or the class he purports to represent, is entitled to the relief requested; however, based on Plaintiff's allegations in the Complaint and his prayer for relief, all requirements for jurisdiction under CAFA have been met.[2] Accordingly, diversity of citizenship exists under CAFA, and this Court has original jurisdiction over this action pursuant to 28 U.S.C § 1332(d)(2).

### A. The Proposed Class Contains At Least 100 Members.

7. Plaintiffs assert claims on behalf of himself and "[a]ll persons in the State of California employed as hourly non-exempt 'Delivery [Associates]' by AMAZON.COM SERVICES, LLC" (the "Plaintiff Class"), where the class period runs as early as January 23, 2016 through the present. Fischer Decl., Ex. A ¶¶ 40, 62, 76, 89, 104, 115. A review of Amazon's

---

[2] Defendant does not concede, and reserves the right to contest at the appropriate time, Plaintiff's allegations that this action can properly proceed as a class action. Defendant does not concede that any of Plaintiff's allegations constitute a cause of action against it under applicable California law.

1  records shows that, based on Plaintiff's definition, the proposed class contains well over 100
2  prospective, current and former employees.

### B. Diversity of Citizenship Exists.

8. To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists; that is, one putative class member is a citizen of a state different from that of one defendant. 20 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

9. "An individual is a citizen of the state in which he is domiciled…" *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Lew v. Moss*, 797 F. 2d 747, 750 (9th Cir. 1986). Evidence of continuing residence creates a presumption of domicile. *Washington v. Havensa LLC*, 654 F.3d 340, 345 (3rd Cir. 2011).

10. Plaintiff admits that he is a resident of California. Fischer Decl., Ex. A ¶ 12. The Complaint does not allege any alternate state citizenship. Amazon's records show that Plaintiff's last known address is in California. Declaration of Rithka Ayres ("Ayres Decl."), ¶ 5. Therefore, the Plaintiff is a citizen of California for diversity jurisdiction purposes.

11. Moreover, Plaintiff has brought claims on behalf of alleged putative class members who worked for Defendant in California. Fischer Decl., Ex. A ¶ 40. Thus, at least one putative class member is a citizen of California for diversity jurisdiction purposes.

12. Pursuant to 28 U.S.C. § 1332, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities…[I]n

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

5                    NOTICE OF REMOVAL

practice it should normally be the place where the corporation maintains its headquarters- provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meeting[.]" *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S. Ct. 1181, 1192 (2010).

13. Amazon.com Services LLC is now, and was at the time Plaintiff filed the Complaint, a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Seattle, Washington. Declaration of Zane Brown, ¶¶ 2, 3. Amazon's corporate decision generally are made in Seattle, Washington, including its operation, executive, administrative, and policymaking decisions. *Id.* ¶ 3. The majority of Amazon's executive officers principally conduct their business from headquarters in Washington. *Id.* Thus, at all times relevant hereto, Amazon has been a citizen of Delaware and Washington, and not a citizen of California. 28 U.S.C. § 1332(c)(1).

14. In determining whether a civil action is properly removable on the basis of diversity jurisdiction under 18 U.S.C. § 1332, courts disregard the citizenship of defendants sued under fictitious names. 28 U.S.C. § 1441(b)(1). The citizenship of "DOES 1-20" named in the Complaint is therefore immaterial with respect to removal.

15. Because Plaintiff is, and was at the time he filed the Complaint, a citizen of California; because Amazon is, and was at the time Plaintiff filed the Complaint, a citizen of Delaware and Washington, diversity of citizenship exists between the parties and existed at the time the Complaint was filed, diversity of citizenship is satisfied and diversity jurisdiction exists under CAFA. 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any Defendant").

**C. The Amount In Controversy Exceeds $5 Million.**

16. Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). Because Plaintiff does not expressly plead a specific amount of damages, Defendant, as the removing party need only show that it is more likely than not that the

amount in controversy exceeds $5 million. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

17. A removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014). "If a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000' the court should err in favor of exercising jurisdiction over the case." Senate Judiciary Report, S. REP. 109-14, at 42 (2005) (citation omitted).

18. A removing defendant is "not required to comb through its records to identify and calculate the exact frequency of violations." *Oda, et al. v. Gucci Am., Inc.*, 2015 U.S. Dist. LEXIS 1672, at *12 (C.D. Cal. Jan 7, 2015); *see Sanchez v. Russell Sigler, Inc.*, 2015 WL 12765359, *2 (C.D. Cal April 28, 2015) ("[A] removing defendant is not obligated to research, state and prove the plaintiff's claim for damages.") (citation omitted). *See also LaCross v. Knight Transportation Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) (rejecting plaintiff's argument for remand based on the contention that the class may not be able to prove all amounts claimed: "Plaintiffs are conflating the amount in controversy with the amount of damages ultimately recoverable."); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1998 n.1 (9th Cir. 2015) (in alleging the amount in controversy, Defendants "are not stipulating to damages suffered, but only estimating the damages in controversy."). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe. *LaCross*, 775 F.3d at 1202 (internal citation omitted) (explaining that courts are directed "to first look to the complaint in determining the amount in controversy.")

19. Although Defendant denies Plaintiff's factual allegations and denies that he or the class he seeks to represent are entitled to the relief for which Plaintiff has prayed, as detailed below, Plaintiff's allegations and prayer for relief have "more likely than not" put into

controversy an amount that easily exceeds the $5 million threshold when aggregating the claims of the putative class members as set forth in 28 U.S.C. §1332(d)(6).[3]

### 1. **Demonstrating the Amount in Controversy**

20. Plaintiff seeks to represent all current and former non-exempt employees who worked for Amazon in California as Delivery Associates during the class period. Fischer Decl., Ex. A, ¶ 40. Plaintiff further alleges that his claims "are typical of the claims of each Class Member" (*Id.* ¶ 47) and seeks, among other things, actual, compensatory, treble and liquidated damages, restitution, disgorgement, penalties, and attorneys' fees. *Id.* at Prayers 4, 5, 6, and 9.

### a. **Plaintiff's Seventh Cause of Action for "Failure to Pay All Wages Owed at Termination" (Waiting Time Penalties) Puts More Than $5,000,000 in Controversy.**

21. Plaintiff alleges that Amazon "violated [Labor Code Section 203] by failing to promptly pay Plaintiff and Class Members all earned wages due … immediately upon termination and/or within seventy-two hours upon resignation." *Id.* ¶¶ 142, 143. Under California Labor Code § 203, if an employer fails to pay all wages due upon termination in a timely manner, "the wages of the employees shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced" for up to 30 days. Cal. Labor Code § 203.

22. According to Amazon's records, of the individuals who fall within Plaintiff's class definition, well in excess of and certainly no fewer than 3,000 are former employees, *i.e.*, individuals potentially entitled to waiting time penalties pursuant to Cal. Labor Code § 203.

---

[3] The Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint. Defendant's references to specific damage amounts and citation to comparable cases are provided solely for establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Defendant maintains that each of Plaintiff's claims is without merit and that Defendant is not liable to Plaintiff of any putative class member. Defendant expressly denies that Plaintiff or any putative class member is entitled to recover any of the penalties they seek in the Complaint. In addition, Defendant denies that liability or damages can be established on a class-wide basis. No statement or referenced contained in this removal notice shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendant's] liability." *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

Ayres Decl. ¶ 3. The weighted average hourly minimum wage for the State of California during the last three (3) years is $11.15.[4] As such, the amount in controversy by Plaintiff's cause of action for Failure to Timely Pay Wages Owed (Labor Code §§ 201-203) can be calculated as follows:

**$11.15 per hour * 8 hours per day * 30 days * 3,000 individuals = $8,028,000**

23.   Thus, Plaintiff's cause of action for Failure to Pay Wages at Time of Termination alone puts over $5 million at issue, thereby satisfying the CAFA's amount in controversy requirement.

### b.   Plaintiff's Other Causes of Action Put Additional Amounts in Controversy, Clearly Exceeding the CAFA Threshold.

24.   In addition to the foregoing amount, Plaintiff's other causes of action place yet more amounts in controversy, further demonstrating that the CAFA threshold is satisfied. Plaintiff's First through Sixth, and Eighth Causes of Action all place additional amounts in controversy. Plaintiff's First Cause of Action for Failure to Provide Regular Pay/Minimum Wages alleges that Amazon "failed to compensate Plaintiff and Class Members for all regular hours worked," "denied Plaintiff and Class Members regular pay/minimum wages for regular hours worked," and therefore "Plaintiff and Class Members are entitled to recover, and hereby seek, the unpaid balance of the full amount of deprived wages," applicable penalties, attorneys' fees, and liquidated damages. Fischer Decl., Ex. A ¶¶ 64-67.

25.   Plaintiff's Second Cause of Action for Failure to Provide Overtime Premium Pay alleges that Amazon "failed to properly compensate Plaintiff and Class Members proper overtime premium pay" and "Plaintiff and Class Members are entitled to recover, and hereby seek, the unpaid balance of the full amount of deprived overtime premium pay earned for overtime hours worked," applicable penalties and attorneys' fees. *Id.* ¶¶ 77-79.

---

[4] The weighted average minimum hourly wage for the State of California during the limitations period serves as a conservative estimate of the average hourly rate of pay earned by the putative class members. According to Amazon's records, Amazon regularly pays its newly hired associates at a higher hourly rate of pay than the State of California minimum wage requirement. Ayres Decl. ¶ 4. Nevertheless, Amazon will use the conservative estimate for the purposes of establishing the CAFA amount in controversy requirement is met.

26. Plaintiff's Third Cause of Action for Failure to Provide Meal Periods and/or Meal Period Premium Pay alleges that Amazon "failed to properly provide Plaintiff and Class Members lawful unpaid off-duty thirty-minute meal periods, free from management control, as well as the corresponding premium pay wages" and "Plaintiff and Class Members are entitled to recover, and hereby seek, an amount equal to one hour of their hourly pay rates per missed off-duty meal period, in addition to" applicable penalties and attorneys' fees. *Id.* ¶¶ 91-96.

27. Plaintiff's Fourth Cause of Action for Failure to Provide Rest Periods and Rest Period Premium Pay alleges that Amazon "failed to properly provide Plaintiff and Class Members lawful uninterrupted off-duty ten-minute rest periods per four hours of work, or major fraction thereof, free from management control, as well as the corresponding premium pay for denied rest periods" and "Plaintiff and Class Members are entitled to recover, and hereby seek, an amount equal to one hour of their hourly pay rates per missed reset period, in addition to" applicable penalties and attorneys' fees. *Id.* ¶¶ 106-109.

28. Plaintiff's Fifth Cause of Action for Failure to Reimburse for Necessary Expenditures Incurred alleges that Amazon "uniformly den[ied] Plaintiff and Class Members reimbursement for necessary expenditures incurred in direct consequence of discharging their duties and/or obeying the direction of" Amazon and "Plaintiff and Class Members are entitled to recover, and hereby seek, an amount equal to incurred necessary expenditures," applicable penalties, and attorneys' fees. *Id.* ¶¶ 116-119.

29. Plaintiff's Sixth Cause of Action for Failure to Provide Accurate Wage Statements and Keep Accurate Payroll Records alleges that Amazon failed "to provide Plaintiff and Class Members accurate itemized wage statements" that "accurate[ly] reflected all employer names and addresses, regular hours worked, overtime hours worked, regular hourly pay rates, overtime hourly pay rates, actual gross wages and net wages earned, meal periods, premium wages owed for denied lawful meal and rest periods, and necessary expenditures incurred" and "Plaintiff and Class Members are entitled to recover, and hereby seek, damages," applicable penalties, and attorneys' fees. *Id.* ¶¶ 127-132.

30. Plaintiff's Eighth Cause of Action for Violations of the Unfair Competition Law (California Business & Professions Code § 17200, *et seq.*) alleges that Amazon "unjustly obtained valuable property, money, and services from Plaintiff and Class Members" and Plaintiff and Class Members seek "an order that Defendants account for, disgorge, and restore to Plaintiff and Class Members all unlawfully withheld wages and unreimbursed necessary expenditures incurred …" *Id.* ¶¶ 154-158.

31. Plaintiff also seeks recovery of attorneys' fees. Fischer Decl., Ex. A, Prayer ¶ 9. Attorneys' fees are properly included in determining the amount in controversy. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007). Estimated future attorneys' fees are properly included in determining the amount in controversy, including for class actions seeking fees under Labor Code Section 226. *See Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793-794 (9th Cir. 2018) ("Because the law entitles [the plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy."). The Ninth Circuit held that future fee estimates can be based on "customary rates and proper fees," and that "a percentage-based method," such as 25% of the amount in controversy, may also be relevant when estimating the amount of fees included in the amount in controversy. *Id.* at 795 and 796, fn. 6.

32. Defendant denies Plaintiff's claim for attorneys' fees. However, for purposes of removal, even though Defendant has already demonstrated by a preponderance of the evidence that the amount in controversy exceeds $5,000,000, Defendant notes that the inclusion of future attorneys' fees would increase the amount in controversy by a material amount.

**IV.  VENUE**

33. This action was originally filed in the Superior Court for the County of Los Angeles. Initial venue is therefore proper in this district, pursuant to 28 U.S.C. § 1441(a), because it encompasses the county in which this action has been pending.

**V.  NOTICE**

34. Defendant will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the

action is pending once this state court resumes normal operations, as required under 28 U.S.C. § 1446(d).[5]

## VI. CONCLUSION

35. Based on the foregoing, Defendant requests that this action be removed to this Court. If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is subject to removal.

Dated: March 23, 2020                                MORGAN, LEWIS & BOCKIUS LLP

By: */s/Max Fischer*
Max Fischer
Aimee Mackay
Daniel R. Rodriguez
Attorneys for Defendant
AMAZON.COM SERVICES LLC

---

[5] Under the Los Angeles Superior Court General Order, dated March 17, 2020, "all courtrooms will remain closed for judicial business" from March 20, 2020 until April 16, 2020, except for various "time-sensitive, essential functions" which are not applicable here.