1  MORGAN, LEWIS & BOCKIUS LLP
   Max Fischer, Bar No. 226003
2  max.fischer@morganlewis.com
   Aimee Mackay, Bar No. 221690
3  aimee.mackay@morganlewis.com
   Daniel R. Rodriguez, Bar No. 323955
4  daniel.rodriguez@morganlewis.com
   300 South Grand Avenue
5  Twenty-Second Floor
   Los Angeles, CA  90071-3132
6  Tel:    +1.213.612.2500
   Fax:    +1.213.612.2501
7
   Attorneys for Defendants
8  AMAZON.COM SERVICES LLC

9

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| 13  LUBEN ROMANOV, on behalf of himself and all others similarly situated, | Case No. 2:20-cv-2692 |
| 14                              Plaintiff, | **DECLARATION OF MAX FISCHER IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL** |
| 15                     vs. | |
| 16  AMAZON.COM SERVICES LLC, a Delaware limited liability company; and DOES 1 through 20, inclusive, | Los Angeles County Superior Court, Case No.: 20STCV02837 |
| 17 | State Complaint Filed: January 23, 2020 |
| 18                              Defendant. | State Action Served: February 20, 2020 |
| 19 | |

20

21

22

23

24

25

26

27

28

## **DECLARATION OF MAX FISCHER**

I, Max Fischer, declare as follows:

1.      I am a partner with the law firm of Morgan, Lewis, & Bockius LLP, counsel for Defendant Amazon.com Services LLC ("Amazon" or "Defendant"). I make this declaration in support of Defendant's Notice of Removal. I have personal knowledge of the facts set forth in this Declaration or know of such facts from my review of the case documents and the court docket in this matter and other information that is publically available or provided to me by Amazon. If called and sworn as a witness, I could and would competently testify thereto. As counsel for Defendant, Morgan, Lewis & Bockius LLP maintains in the ordinary course of its business all pleadings served on or by Defendant in the above-captioned action.

2.      Attached hereto as **Exhibit A** is a true and correct copy of the Complaint and related case commencement documents in this action, filed on January 23, 2020, and served personally on Defendant via CSC on February 20, 2020.

3.      Exhibit A constitutes all process, pleadings, and orders filed by and/or served by Defendant or on Defendant to date in the Action.

4.      Amazon is now, and was at the time Plaintiff filed the Complaint a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Seattle, Washington. Amazon's corporate decisions generally are made in Seattle, Washington, including the operation, executive, administrative, and policymaking decisions. The majority of Amazon's executive officers principally conduct their business from headquarters in Washington.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. Executed on this 23rd day of March, 2020, in Los Angeles, California.

/s/Max Fischer_____
Max Fischer

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1

DECLARATION OF MAX FISCHER IN
SUPPORT OF DEFENDANT'S
NOTICE OF REMOVAL

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 23 2020

Sherri R. Carter, Executive Officer/Clerk
By: Tanya Herrera, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AMAZON.COM SERVICES LLC, a Delaware limited liability
company; and DOES 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LUBEN ROMANOV, on behalf of himself and all others similarly
situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles Superior Court

CASE NUMBER:
*(Número del Caso):* 20STCV02937

Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Marc H. Phelps, Phelps Law Group, 23 Corporate Plaza Dr., #150, Newport Beach, CA 92660, 949.629.9533

DATE: JAN 23 2020
*(Fecha)*

SHERRI R. CARTER
Clerk, by Tanya Herrera, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* AMAZON.COM SERVICES LLC, a Delaware limited liability company
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☑ other *(specify):* 17061 Limited liability
4. ☐ by personal delivery on *(date):*

Page 1 of 1

SUMMONS

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**THE PHELPS LAW GROUP**
Marc H. Phelps, Esq. (SBN 237036)
*marchannanphelps@gmail.com*
23 Corporate Plaza Drive, Suite 150
Newport Beach, CA 92660
Tel: (949) 629-9533 / Fax: (949) 629-2501

**THE CARTER LAW FIRM**
Roger R. Carter, Esq. (SBN 140196)
roger@carterlawfirm.net
23 Corporate Plaza Drive, Suite 150
Newport Beach, CA 92660
Tel: (949) 245-7500 / Fax: (949) 629-2501

Counsel for Plaintiff Luben Romanov, on behalf
of himself and all others similarly situated.

**FILED**
LOS ANGELES SUPERIOR COURT

JAN 2 3 2020

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Tanya Herrera

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF LOS ANGELES – COMPLEX**

LUBEN ROMANOV, on behalf of himself
and all others similarly situated,

Plaintiff,

v.

AMAZON.COM SERVICES LLC, a
Delaware limited liability company; and
DOES 1 through 20, inclusive,

Defendants.

Case No. **20STCV02837**

**CLASS ACTION COMPLAINT FOR:**

(1) FAILURE TO PAY REGULAR PAY/MINIMUM WAGES
(2) FAILURE TO PAY OVERTIME PREMIUM PAY;
(3) FAILURE TO PAY MEAL PERIOD PREMIUM PAY;
(4) FAILURE TO PAY REST PERIOD PREMIUM PAY;
(5) FAILURE TO REIMBURSE FOR NECESSARY EXPENDITURES;
(6) FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS AND KEEP ACCURATE PAYROLL RECORDS;
(7) FAILURE TO TIMELY PAY WAGES OWED;
(8) UNLAWFUL, UNFAIR, AND/OR FRAUDULENT BUSINESS PRACTICES;

**DEMAND FOR JURY TRIAL**

1    Plaintiff Luben Romanov, on behalf of himself and all others similarly situated, alleges
2    against Defendants AMAZON.COM LLC, an Delaware limited liability company registered to
3    do business in the state of California; and Does 1 through 20, inclusive (collectively,
4    "Defendants" or "Amazon"), the following upon his own personal knowledge, or where there is
5    no personal knowledge, upon information, belief, and the investigation of his counsel.

## I.    INTRODUCTION

7    1.    During all, or a portion, of the Class Period, as defined below, AMAZON.COM
8    SERVICES LLC ("Amazon") routinely denied Plaintiff Luben Romanov ("Plaintiff" or "Mr.
9    Romanov") and similarly-situated Class Members, defined herein, regular pay and minimum
10   wages for all hours worked; proper overtime premium pay for overtime hours worked; off-duty
11   uninterrupted thirty-minute meal periods when the nature of work performed did not prevent off-
12   duty meal periods, or where the nature of work that prevented off-duty meal periods was
13   attributable solely to Defendants' own insufficient staffing models; uninterrupted ten-minute rest
14   periods; premium pay for denied off-duty meal and rest periods; reimbursement for necessary
15   expenditures incurred; timely payment of wages earned each pay period and upon cessation of
16   employment; and accurate itemized wage statements, thereby allowing Defendants, and each of
17   them, to jointly gain an unjust competitive advantage from their uniform course of unlawful,
18   unfair, and/or fraudulent employment practices, all at the expense of Plaintiff and Class Members.

19   2.    Pursuant to California Code of Civil Procedure section 382, Plaintiff brings this as a
20   proposed Class Action on behalf of himself and all others similarly situated who work, or have
21   worked, for Defendants as Delivery Drivers and/or similar positions ("Delivery Drivers") within
22   the state of California at any time during the applicable statutory periods. Specifically, Plaintiff
23   Romanov brings this action against AMAZON only on behalf of all Delivery Drivers, irrespective
24   of who they were contracted to provide services for, seeking damages, restitution, disgorgement,
25   pre- and post-judgment interest, declaratory and injunctive relief, applicable statutory penalties,
26   attorneys' fees, costs of suit, and any further equitable relief this Court may deem just and proper,
27   under, *inter alia*, Cal. Labor Code §§ 201-206, 210, 218.5, 218.6, 226, 226.3, 226.7, 226.8, 510,
28   512, 558, 558.1, 1174, 1174.5, 1194, 1194.2, 1197, 1197.1, 1198, 2753, 2802, 2804, 2810, *et seq.*,

1

**Exhibit A, Page 5**

1    2926-2927, and 3357, as well as Cal. Code Regs. tit. 8, § 11090 (IWC Wage Order No. 9-2001).
2    Plaintiff further seeks injunctive and all other appropriate equitable relief associated with all
3    benefits Defendants unjustly received as a result of their unfair, unlawful, and/or fraudulent
4    business practices under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code
5    §§ 17200, *et seq.*

6         3.    During all, or a portion, of the one-year period prior to Plaintiff Romanov filing
7    notice of his claims with California's Labor and Workforce Development Agency ("LWDA") (the
8    "statutory period"), Defendant AMAZON.COM SERVICES, LLC willfully, knowingly, and
9    systematically    denied    Plaintiff    and    similarly-situated    aggrieved    employees
10   indemnification/reimbursement for necessary expenditures and/or losses incurred in direct
11   consequence of the discharge of their January 21, 2019 and a true and correct copy is attached
12   hereto as **Exhibit 1** and incorporated herein by this reference. If the LWDA does not intervene in
13   the time period proscribed by statute, Plaintiff will amend this Complaint to seek civil penalties
14   pursuant the Labor Code section 2699 et seq., (the Private Attorney General Act of 2004 or
15   "PAGA").

16                          II.    **JURISDICTION AND VENUE**

17        4.    Pursuant to Article VI, § 10 of the California Constitution, subject matter
18   jurisdiction is proper in the Superior Court of California, county of Los Angeles.

19        5.    This Court also has jurisdiction over this action for damages, restitution,
20   disgorgement, injunctive relief, statutory penalties, attorneys' fees, costs, and equitable relief
21   pursuant to, among other provisions, Cal. Labor Code §§ 201-204, 210, 218.5, 218.6, 226, 226.3,
22   226.7, 226.8, 510, 512, 558, 558.1, 1174, 1174.5, 1194, 1194.2, 1197, 1197.1, 1198, 2698, *et seq.,*
23   2753, 2802, 2804, 2810, *et seq.,* 2926, 2927, and 3357; Cal. Code Regs. tit. 8, § 11090 (IWC
24   Wage Order No. 9-2001); and Cal. Bus. & Prof. Code §§ 17200, *et seq.*

25        6.    The amount in controversy under this Complaint exceeds the minimal jurisdictional
26   limit of this Court, and the claims asserted in this Complaint are within the subject-matter
27   jurisdiction of this Court.

28        7.    This Court has personal jurisdiction over Defendants, including the DOE

                                               2

CLASS ACTION COMPLAINT                                    CASE NO. _____

                                                          **Exhibit A, Page 6**

1   Defendants, because they are associations, corporations, limited liability companies, business

2   entities, and/or persons that are based in, authorized to, and/or registered to conduct, and in fact do

3   conduct, substantial business and employ, or employed, individuals in the state of California,

4   county of Los Angeles (including Plaintiff and Class Members).

5        8.     Defendants and other out-of-state participants can be brought before this Court

6   pursuant to California's "long-arm" jurisdictional statute, Cal. Civ. Proc. Code § 410.10, as a

7   result of Defendants' substantial, continuous, and systematic contacts with this State, and because

8   Defendants have purposely availed themselves of the benefits, laws, and privileges of conducting

9   business within the state of California.

10        9.     Pursuant to California Code of Civil Procedure sections 395 and 395.5, venue as to

11   Defendants is proper in this Court because all material acts, obligations, and/or liabilities upon

12   which this Complaint is based upon originated and/or occurred substantially in the county of Los

13   Angeles, and because Defendants conduct substantial business, hold significant contacts, own and

14   operate business facilities, and employ, or employed, persons (including Plaintiff and Class

15   Members) within the county of Los Angeles and surrounding California counties. Venue in this

16   Court is further proper because AMAZON is within the jurisdiction of this Court for service of

17   process purposes and has its Registered Agent for Service of Process in this County. The unlawful

18   acts alleged herein have a direct effect on Plaintiff and those similarly situated within the state of

19   California, and within Los Angeles County.

20        10.    Based on information and belief, Plaintiff alleges that this entire action arises solely

21   under California statutes and law, including California's Labor Code, Code of Civil Procedure,

22   Civil Code, Business and Professions Code, and Industrial Welfare Commission Wage Orders

23   (Order 9-2001). Plaintiff further alleges, upon information and belief, that no federal question is

24   raised and that the federal Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), does not

25   apply, or in the alternative, that exceptions for local case or controversy under CAFA do apply—

26   both of which prohibit removal of this action to federal court.

27        11.    Plaintiff further alleges PAGA actions for civil penalties are not subject to federal

28   jurisdiction.

CLASS ACTION COMPLAINT                  CASE NO. _____

**Exhibit A, Page 7**

### III.   PARTIES

12.   Plaintiff Luben Romanov, a natural person, is, and at all times mentioned herein was, a resident and citizen of the state of California. During the Class Period, Mr. Romanov was employed by AMAZON as a Delivery Driver, providing package pick-up and delivery services exclusively for Amazon.

13.   Defendant AMAZON.COM SERVICES, LLC, LLC is incorporated in Delaware and headquartered in the State of Washington, with its principal place of business located at 410 Terry Avenue North, Seattle, Washington 98109. Based on information and belief, AMAZON also engages in business activities in the State of California with a variety of "shell" and "sham" corporations and limited liability companies in order to avoid liability for violations of California wage and hour laws, and engages a variety of employees and subcontractors to engage in local delivery services in the State of California during all or a substantial portion of the proposed Class Period.

14.   The true names and capabilities, whether individual, corporate, associate, or otherwise, of the Doe Defendants 1 through 20 ("Doe Defendants"), are currently unknown to Plaintiff, and Plaintiff therefore sues these Doe Defendants by such fictitious names pursuant to California Code of Civil Procedure section 474. Plaintiff will seek leave to amend this Complaint to show their true names and capacities when the same has been ascertained.

15.   Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants (including the Doe Defendants) were, or are, in some way or manner, responsible and liable to Plaintiff and Class Members for the events, happenings, and circumstances hereinafter set forth in the body of this Complaint, and directly and proximately caused Plaintiff and Class Members to be subject to the unlawful employment and business practices, wrongs, injuries, and damages complained of herein. Plaintiff is informed and believes, and based thereon alleges, that said Defendants, and each of them, may be further responsible for the damages and injuries suffered by Plaintiff and Class Members on alternative theories of liability not specifically addressed herein, including, but not limited to, ostensible agency theories.

16.   Plaintiff is informed and believes, and based thereon alleges, that Defendants

4

**Exhibit A, Page 8**

1 | (including the Doe Defendants), and each of them, were, and are, an owner, co-owner, agent,
2 | representative, partner, and/or alter ego of its co-defendants, or otherwise acted, and continue to
3 | act, on behalf of each and every remaining Defendant and, in doing the things hereinafter alleged,
4 | were, at all times material hereto, acting within the course and scope of their authorities as an
5 | owner, co-owner, agent, representative, partner, and/or alter ego of its co-Defendants, with the full
6 | knowledge, permission, consent, and authorization of each and every remaining Defendant, each
7 | co-Defendant having ratified or promoted the acts of the other co-Defendants, such that each of
8 | them are jointly and severally liable to Plaintiff and Class Members. Plaintiff is further informed
9 | and believes, and based thereon alleges, that at all material times alleged herein, Defendants, and
10 | each of them, were members of, and engaged in, a joint enterprise, partnership, and/or common
11 | enterprise, and acting within the course and scope of, and in pursuance of, said joint venture,
12 | partnership, and/or common enterprise.

13 | 17. Plaintiff is informed and believes, and based thereon alleges, that at all material
14 | times herein mentioned, Defendants (including the Doe Defendants), and each of them, aided and
15 | abetted the acts and omissions of each and every one of the other Defendants, thereby directly and
16 | proximately causing the damages and injuries alleged herein.

17 | 18. Plaintiff is informed and believes, and based thereon alleges, that each Defendant
18 | (including the Doe Defendants), and each of them, directly or indirectly, or through agents or
19 | other persons, employed Plaintiff and other Members of the Class, and exercised control over
20 | their wages, hours, and working conditions. Plaintiff is further informed and believes, and based
21 | thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the
22 | other Defendants, carried out a joint scheme, business plan, or policy in all respects pertinent
23 | hereto, and the acts of each Defendant is legally attributable to the other Defendants. The
24 | Defendants, and each of them, jointly managed, operated, and controlled all aspects of the manner
25 | and means of employee work and were a joint employer of Plaintiff and Class Members under
26 | California law, and liable for illicit wage and hour practices alleged herein.
27 | ///
28 | ///

5

## IV.   GENERAL ALLEGATIONS

19.   During all, or a portion, of the Class Period, as defined herein, Plaintiff Romanov and each Class Member he seeks to represent were employed by AMAZON in the state of California, providing delivery services for AMAZON's contractors and/or customers, including, but not limited to, internet-based retailer giant Amazon.com. Plaintiff and Class Members suffered damages, wage loss, and legally cognizable harm due to Defendants' unlawful employment policies and practices, and Plaintiff has standing to bring this case individually and as a representative for other similarly impacted Class Members.

20.   Specifically, from approximately June  2019 until suffering a work injury on or around August 4, 2019, Mr. Romanov was employed as a nonexempt hourly paid delivery driver with AMAZON, providing package pick-up and delivery services exclusively for Amazon.com out of Amazon's hub/terminal warehouse located at in Thousand Oaks area of Los Angeles County, California.

21.   While working for AMAZON, Plaintiff Romanov and the Delivery Drivers he seeks to represent did not work at a fulfillment center or warehouse, but rather spent the vast majority of their workdays driving to and from different locations delivering packages. Indeed, Delivery Drivers, such as Plaintiff, only arrived at a warehouse or fulfillment center at the start of shifts to prepare for deliveries (i.e., loading and inspecting vehicles), and at the end of a shifts to return vehicles and undelivered packages. Unlike other AMAZON employees who spent most, or all, of their workdays working at designated warehouses or fulfillment centers and were subject to security screening (i.e., packers and pickers), Plaintiff and Delivery Drivers were not required to pass through anti-theft screening processes or security lines during, or at the end of, their shifts while employed with AMAZON.

### Defendants' Failure to Pay Regular Pay/Minimum Wages and Overtime Premium Pay

22.   During the Class Period, Defendants routinely denied Plaintiff and other Delivery Drivers regular pay—and, consequently, mandatory minimum wages under state and federal law—for regular hours worked. Specifically, Defendants denied Plaintiff and Class Members regular pay/minimum wages for regular hours worked by requiring them to work unpaid extended

6

Exhibit A, Page 10

1   hours in order to complete their job duties, as well as forcing them to engage in daily pre- and
2   post-delivery job duties without *any* compensation.

3       23.    During his employment with Defendants, Mr. Romanov worked full-time—
4   typically, ten to twelve or more hours per day (including overtime), four to five days per week –
5   Sunday to Thursday from noon to 8:30 p.m. Mr. Romanov earned a regular hourly pay rate for
6   his services—approximately $15 per hour. His hours worked were supposed to be tracked through
7   a clock-in/clock-out machine that workers were to sign in and out of each day by swiping ID
8   badges.

9       24.    In any case, Mr. Romanov was not compensated for all time spent on pre- or post-
10   delivery duties. For instance, Defendants never compensated Mr. Romanov for the time he spent
11   inspecting vehicles (checking tires, mirrors, gas, oil, check engine lights, etc.), cleaning vehicles,
12   or loading vehicles each and every morning before commencing his delivery duties, which
13   typically took approximately 15-30 minutes per day to complete. Mr. Romanov was also denied
14   compensation for post-delivery duties, such as arranging bins and racks, inspecting vehicles,
15   meeting with Amazon's Logistics team about undelivered packages, etc., which typically lasted
16   approximately ten to fifteen minutes.

17       25.    In addition, Mr. Romanov was not compensated for mandated training, such as
18   safety and systems training and was not compensated for mandated minimum wages under federal
19   and California law.

20       26.    Furthermore, despite regularly working more than eight hours in a workday, and/or
21   forty hours in a workweek, Mr. Romanov and other Delivery Drivers were also denied proper
22   overtime premium compensation for all overtime hours worked. Defendants would often direct
23   Mr. Romanov to complete duties while clocked-out in order to avoid excessive hours worked,
24   including overtime. In fact, Mr. Romanov is aware of several Delivery Drivers who had to
25   routinely submit pay discrepancy forms based on inaccurate hours recorded by other persons.

26       **Defendants' Failure to Provide Lawful Off-Duty Meal and Rest Periods, as well as**
27       **Corresponding Premium Pay for Denied Off-Duty Meal and Rest Periods**

28       27.    Throughout the Class Period, Defendants regularly denied Plaintiff and Class

Exhibit A, Page 11

1   Members lawful unpaid off-duty thirty-minute meal periods within the first five hours of work for
2   shifts lasting more than six hours, and/or second off-duty meal periods for shifts lasting ten or
3   more hours in a single workday. Defendants also regularly denied Plaintiff and Class Members
4   lawful paid off-duty ten-minute rest periods for every four hours worked, or major fraction
5   thereof, for shifts lasting more than three and one-half hours in a single workday.

6       28.   Specifically, Defendants routinely denied Plaintiff and Class Members mandated
7   lawful uninterrupted meal and rest periods by, *inter alia*, scheduling them for numerous time-
8   consuming deliveries and lengthy delivery routes that prevented them from completing their daily
9   deliveries if off-duty meal and rest periods were taken. Because Plaintiff and Class Members were
10  required to complete all daily pick-ups, deliveries, and other work-related duties before ending
11  their shifts, they typically had no time to take uninterrupted off-duty meal and rest periods if they
12  were to complete their required duties. If Plaintiff or Class Members ever failed to complete all
13  scheduled daily deliveries, they would be subject to potential discipline up to and including
14  termination, contract cancellation, and/or non-renewal of contracts. Thus, Mr. Romanov and other
15  Delivery Drivers were routinely discouraged and prevented from taking uninterrupted meal and
16  rest periods in order to complete deliveries and avoid the imposition of potential disciplinary
17  measures. Even on the rare occasion Plaintiff was provided meal and/or rest periods of some sort,
18  they were typically "on-duty" and subject to management control and continuance of work-related
19  duties. In fact, Mr. Romanov was not even required to clock-out for meal periods.

20      29.   The nature of Delivery Drivers' work did not, and does not, prevent them from
21  taking lawful uninterrupted off-duty meal periods, and thus any off-duty meal period waiver or
22  on-duty meal period agreement entered into, if any, is unenforceable. To the contrary, any
23  inability to take off-duty uninterrupted meal periods (as well as rest breaks) is attributable solely
24  to Defendants' own insufficient staffing models and increasing package delivery volume, rather
25  than the general nature of the work performed by Delivery Drivers such as Plaintiff and Class
26  Members.

27      30.   Similarly, throughout the Class Period, Defendants systematically denied Plaintiff
28  and Delivery Drivers proper premium pay at the rate of one hour of their regular pay rates for

8

1    each workday they were deprived of an off-duty unpaid thirty-minute meal period. Likewise,

2    Defendants systematically denied Plaintiff and Delivery Drivers premium pay at the rate of one

3    hour of their regular pay rates for each workday they were deprived of lawful uninterrupted paid

4    rest breaks.

5    <b><u>Defendants' Failure to Provide Reimbursement for Necessary Expenditures Incurred</u></b>

6        31.    During the Class Period, Defendants routinely denied Plaintiff and other Delivery

7    Drivers reimbursement for necessary expenditures and/ or losses incurred as a direct consequence

8    and requirement of performing their job duties. Indeed, Mr. Romanov and other Delivery Drivers

9    were required to, and did, personally pay for several expenses that are necessary to their

10   performance and work-related duties during their employment with Defendants, without any

11   reimbursement. This included personal use of a smart phone, paid for by Romanov and other

12   drivers without reimbursement from Amazon. Specifically, Plaintiff and Delivery Drivers were

13   also required to carry and regularly use their personal cell phones for work-related purposes

14   including, but not limited to: scheduling; receiving orders to re-deliver undelivered packages;

15   taking pictures of packages; and maintaining communication with dispatch, management, the

16   warehouse, and customers—both during and outside of scheduled shifts—all without any

17   reimbursement of *any* kind. In fact, Amazon requires Delivery Drivers to call a customer before

18   leaving a package in an unsafe location, but does not reimburse Delivery Drivers (including Mr.

19   Romanov) for any portion of the costs of their phones or associated monthly billing charges.

20   Indeed, Plaintiff Romanov was terminated for purportedly yelling at a customer after using

21   capitals and an exclamation mark in a text message placed from Plaintiff's own personal cell

22   phone to the customer stating: "AMAZON DELIVERY!"

23       32.    Despite being regularly required to carry and use their personal cell phones for

24   numerous work-related duties during their employment with AMAZON, Plaintiff and Delivery

25   Drivers were uniformly denied reimbursement for any portion of the costs of their phones or

26   associated monthly billing charges.

27       33.    Mr. Romanov incurred other expenses while working for Defendants, such as

28   cleaning supplies needed to rid vehicles of cigarette smoke smell, debris and trash, and even

1  urine-filled containers (due to the lack of breaks for Delivery Drivers.

2      34.    Finally, during his employment with AMAZON, Plaintiff Romanov incurred
3  monetary fines and expenses related to parking tickets issued after being falsely assured by
4  AMAZON that it would be permissible to double park in a commercial vehicle. However,
5  AMAZON denied Mr. Romanov reimbursement/indemnification for these expenses as well.

6      35.    Plaintiff Romanov was denied reimbursement for necessary expenditures incurred
7  during his employment with AMAZON, despite requesting reimbursement directly from
8  AMAZON.

9  **Defendants' Failure to Provide Accurate Wage Statements and Maintain Accurate Payroll**
10                         **Records**

11     36.    During the Class Period, AMAZON provided Mr. Romanov and other Class
12 Members wage statements online once per week. Mr. Romanov was compensated for his work via
13 direct deposit from Amazon.com.  He has requested employment records and pay records from
14 Amazon, but no records were provided in response to his written request.

15     37.    However, as a result of Defendants' unlawful and unfair employment practices, as
16 alleged herein, the paystubs/wage statements provided to Plaintiff and other Class Members failed
17 to accurately list all employers (i.e., Amazon), total regular hours worked, total regular pay, total
18 overtime hours worked, total overtime pay, and premium wages for denied lawful meal and rest
19 periods,[1] as well as reimbursement for necessary incurred expenditures. Consequently, the wage
20 statements Plaintiff and Class Members were provided inaccurately reflected all employers, actual
21 gross wages earned, and actual net wages earned each pay period. Because of these inaccurate
22 wage statements, Plaintiff and Class Members were never aware of what their true wages should
23 have been and how they were calculated, and suffered injury as a result.

24     38.    Similarly, Defendants also failed to maintain accurate payroll records showing the
25 total hours worked daily by, and the wages paid to, Delivery Drivers (including Plaintiff and Class
26 Members). None of Defendants' payroll records pertaining to Plaintiff and other Class Members

27

28 _____

[1] Premium pay for denied meal periods and rest breaks is considered a "wage" rather than a penalty. *See*
*Murphy v. Kenneth Cole Prods., Inc.* (2007) 40 Cal. 4th 1094, 1114.

                                    10

accurately reflect all employer names and addresses, regular hours worked, overtime hours worked, regular pay rates, overtime hourly rates, actual gross wages and net wages earned, meal periods, premium wages owed for denied off-duty rest and meal periods, and necessary expenditures incurred. As a result of Defendants' failure to maintain accurate payroll records, Plaintiff and Class Members have been precluded from accurately monitoring their number of hours worked.

**Defendants' Failure to Timely Pay Wages Owed Each Pay Period and Upon Cessation of Employment**

39.     As alleged above, during the Class Period, Plaintiff and Class Members were not provided all earned compensation owed them each and every pay period because Defendants regularly failed to provide them regular wages earned, overtime premium pay, premium wages for denied lawful off-duty meal and rest periods, and reimbursement for necessary expenditures incurred. Similarly, and consequently, Mr. Romanov and other Class Members no longer working for Defendants were not paid all wages owed for services rendered upon their cessation of employment.

## V.     CLASS ALLEGATIONS

40.     Plaintiff brings this class action on behalf of himself and all Members of the Class ("Class"), initially defined as:

> All persons in the State of California employed as hourly non-exempt "Delivery Drivers" by AMAZON.COM SERVICES, LLC (or DOES 1-20), at any time within the applicable statute of limitations period. ("Class Period").

41.     This action is being brought as a class action pursuant to California Code of Civil Procedure section 382 because there is a well-defined community of interest and the proposed Class is easily ascertainable. Further, a class action is appropriate because Defendants have acted, or refused to act, on grounds generally applicable to the Class, making class-wide relief appropriate.

42.     Plaintiff reserves the right to amend or modify the Class definition with greater specificity or further division into subclasses or limitation to particular issues as discovery and the

11

**Exhibit A, Page 15**

1  orders of this Court warrant.

2      43.    The Court can define the Class and create additional subclasses as may be necessary

3  or desirable to adjudicate common issues and claims of the Class Members if, based on discovery

4  of additional facts, the need arises.

5  **Commonality**

6      44.    This action may be brought as a class action because common questions of law and

7  fact predominate over any issues solely affecting the individual Plaintiff or Class Members,

8  including, but not limited to:

9      i.     Whether Defendants violated the California Labor Code and applicable Wage
            Order by failing to compensate Plaintiff and Class Members mandated minimum
10            wages and/or regular pay for regular hours worked;

11     ii.    Whether Defendants are liable for damages, interest, restitution, statutory
            penalties, attorneys' fees, and/or costs for failing to compensate Plaintiff and
12            Class Members mandated minimum wages and/or regular pay;

13     iii.   Whether Defendants violated the California Labor Code and applicable Wage
            Order by failing to properly compensate Plaintiff and Class Members mandated
14            overtime premium pay for hours worked in excess of eight (8) hours in a
            workday, forty (40) hours in a workweek, and/or hours worked on the seventh
15            consecutive day in a workweek;

16     iv.    Whether Defendants are liable for damages, interest, restitution, statutory
17            penalties, attorneys' fees, and/or costs for failing to properly compensate
            Plaintiff and Class Members mandated overtime wages;
18
       v.     Whether Defendants violated the California Labor Code and applicable Wage
19            Order by failing to provide Plaintiff and Class Members lawful thirty (30)-
20            minute uninterrupted meal periods within the first five (5) hours of work in any
            workday lasting more than six (6) hours, and by failing to compensate Plaintiff
21            and Class Members one hour of premium pay at their regular hourly pay rates
            for each workday a lawful meal period was not provided;
22
       vi.    Whether Defendants are liable for damages, interest, restitution, statutory
23            penalties, attorneys' fees, and/or costs for failing to compensate Plaintiff and
24            Class Members one hour of premium pay at their regular hourly pay rates for
            each workday a lawful meal period was not provided;
25
       vii.   Whether Defendants violated the California Labor Code and applicable Wage
26            Order by failing to provide Plaintiff and Class Members lawful ten (10)-minute
            uninterrupted rest breaks for every four (4) hour period of work in any workday,
27            or major fraction thereof, and by failing to compensate Plaintiff and Class
28            Members one hour of premium pay at their regular hourly pay rates for each
            workday a lawful rest period was not provided;

12

**Exhibit A, Page 16**

viii.   Whether Defendants are liable for damages, interest, restitution, statutory penalties, attorneys' fees, and/or costs for failing to compensate Plaintiff and Class Members one hour of premium pay at their regular hourly pay rates for each workday a lawful rest period was not provided;

ix.   Whether Defendants violated the California Labor Code and applicable Wage Order by failing to provide Plaintiff and Class Members accurate itemized wage statements;

x.   Whether Defendants are liable for damages, interest, restitution, statutory penalties, attorneys' fees, and/or costs for failing to provide Plaintiff and Class Members accurate itemized wage statements;

xi.   Whether Defendants violated the California Labor Code and applicable Wage Order by failing to keep accurate payroll records concerning Plaintiff and Class Members;

xii.   Whether Defendants are liable for statutory penalties for failing to keep accurate payroll records concerning Plaintiff and Class Members;

xiii.   Whether Defendants violated the California Labor Code and applicable Wage Order by failing to promptly pay Plaintiff and Class Members all wages owed each pay period;

xiv.   Whether Defendants are liable for penalties for failing to promptly pay Plaintiff and Class Members all wages owed each pay period;

xv.   Whether Defendants are liable for waiting time penalties and statutory penalties for failing to promptly pay Plaintiff and Class Members who no longer work for Defendants all wages owed upon their cessation of employment;

xvi.   Whether Defendants violated the California Labor Code and applicable Wage Order by failing to indemnify/reimburse Plaintiff and Class Members for necessary expenditures incurred while discharging their duties and/or obeying the direction of their employers;

xvii.   Whether Defendants violated California Business and Professions Code §§ 17200, *et seq.* by engaging in unfair, unlawful, and/or fraudulent business practices.

**Numerosity**

45.   Upon information and belief, this Class potentially consists of hundreds, if not thousands, of individuals currently or formerly employed by Defendants throughout California within the Class Period. The Members of the Class are so numerous that joinder of each Class Member is impracticable, if not impossible. As such, a class action is the only available method for the fair and efficient adjudication of this controversy.

///

13

**Ascertainability**

46.   Class Members can easily be identified by an examination and analysis of employee records and payroll records that Defendants are required by law to maintain, among other records within Defendants' possession, custody, and/or control.[2]

**Typicality**

47.   Plaintiff's claims are typical of the claims of each Class Member in that all claims result from Defendants' uniform application of unlawful employment practices toward Delivery Drivers, as alleged herein. Moreover, Plaintiff's claims are typical of the claims of each Class Member because each have sustained damages arising out of, and caused by, Defendants' common course of unlawful conduct, alleged herein. As such, Plaintiff has the same interest in this matter as all Members of the Class, and has no interests antagonistic to the interests of other Class Members.

**Superiority**

48.   This action is brought as a class action because this method is superior for the fair and efficient adjudication of the controversy. The amount of damages suffered by individual Class Members, while not inconsequential, makes individual actions impracticable given the expenses and burdens associated with seeking individual relief, as each individual Class Member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability. A class action is the only practicable method by which the Plaintiff and Class Members can achieve redress from Defendants and prevent Defendants from unjustly benefitting from their common course of unlawful conduct, as alleged herein. The prosecution of individual actions would present a risk of inconsistent judgments, even though each Class Member has an effectively identical claim of right against Defendants. Inconsistent judgments could be dispositive to the interests of other Class Members who are not parties to the individual adjudication and/or may substantially impede their

---

[2] "Every person employing labor in this state shall: . . . (c) Keep a record showing the names and addresses of all employees employed . . . . [and] (d) Keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records . . . . These records shall be kept . . . on file for not less than three years." Cal. Labor Code § 1174; *see also* IWC Wage Order No. 9-2001, § 7.

14

**Exhibit A, Page 18**

1  ability to adequately protect their interests. If separate actions were brought, or are required to be
2  brought, by individual Class Members, the resulting multiplicity of lawsuits would cause an
3  undue hardship and burden on the parties and the judicial system. In contrast, the class action
4  device presents far fewer management difficulties and provides the benefits of single adjudication,
5  economy of scale, and comprehensive supervision by a single court on the issue of Defendants'
6  liability. Class treatment of the liability issues will ensure that all claims and claimants are before
7  this Court for consistent adjudication of the liability issues.

8  **Adequacy**

9  49.    Plaintiff is an adequate representative of the Class. Plaintiff's claims are typical of
10  those of the Class. Plaintiff and Class Members have no unique claims, have no conflicts of
11  interest, and share the same interests in the litigation of this matter. Plaintiff retained competent
12  counsel experienced in employment law and the prosecution of complex class actions, who are
13  committed to the vigorous prosecution of this action. Further, Plaintiff's counsel have the ability
14  and willingness to commit significant resources to the prosecution of this matter. Accordingly,
15  Plaintiff is an adequate representative of the Class, and will fairly and adequately protect the
16  interests of the Class with the help of experienced and knowledgeable retained counsel.

17  ## VI.   CAUSES OF ACTION

18  **First Cause of Action**
**Failure to Provide Regular Pay/Minimum Wages**
19  **Cal. Labor Code §§ 558.1, 1194, 1194.2, 1197, 1197.1; Cal. Code Regs. tit. 8, § 11090**
20  **(On behalf of Plaintiff and Class Members against all Defendants)**

21  50.    Plaintiff and Class Members re-allege and incorporate by reference each and every
22  allegation set forth in this Complaint with the same force and effect, and further allege as follows:

23  51.    California Labor Code section 1194(a) provides:

24  Notwithstanding any agreement to work for a lesser wage, any employee
   receiving less than the legal minimum wage or the legal overtime
25  compensation applicable to the employee is entitled to recover in a civil
   action the unpaid balance of the full amount of this minimum or overtime
26  compensation, including interest thereon, reasonable attorneys' fees and
27  costs of suit.

28  52.    California Labor Code section 1194.2 provides:

15

**Exhibit A, Page 19**

In any action under Section 98, 1193.6, or 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon. Nothing in this subdivision shall be construed to authorize the recovery of liquidated damages for failure to pay overtime compensation.

53. California Labor Code section 1197 provides:

The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

54. California Labor Code section 1197.1 provides in pertinent part:

(a) Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission shall be subject to a civil penalty, restitution of wages, and liquidated damages payable to the employee, as follows:

(1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. This amount shall be in addition to an amount sufficient to recover underpaid wages and liquidated damages pursuant to Section 1194.2.

(2) For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed. This amount shall be in addition to an amount sufficient to recover underpaid wages and liquidated damages pursuant to Section 1194.2.

(3) Wages and liquidated damages recovered pursuant to this section shall be paid to the affected employee . . . .

55. Pursuant to California Labor Code section 558.1:

(a) Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation.

(b) For purposes of this section, the term "other person acting on behalf of an employer" is limited to a natural person who is an owner, director, officer, or managing agent of the employer, and the term "managing agent"

16

has the same meaning as in subdivision (b) of Section 3294 of the Civil Code.

(c) Nothing in this section shall be construed to limit the definition of employer under existing law.

56.     Pursuant to California Labor Code section 1198, the Industrial Welfare Commission ("IWC") provides the maximum hours of work and standard conditions of labor for California employees.

57.     Section 4 of IWC Wage Order No. 9-2001 provides in pertinent part:

(A) Every employer shall pay to each employee wages not less than nine dollars ($9.00) per hour for all hours worked, effective July 1, 2014, and not less than ten dollars ($10.00) per hour for all hours worked, effective January 1, 2016 . . . .

(B) Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission, or otherwise.

58.     Section 2(H) of IWC Wage Order No. 9-2001 defines "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

59.     The minimum wage in California for labor performed between January 1, 2008 and July 1, 2014 was $8.00 per hour.

60.     The minimum wage in California for labor performed between July 1, 2014 and January 1, 2016 was $9.00 per hour.

61.     The minimum wage in California for labor performed on or after January 1, 2016 is $10.00 per hour.

62.     In general, claims for unpaid regular/minimum and overtime wages must be filed within three years of the date the wages were earned. Cal. Civ. Proc. Code § 338. However, a cause of action under California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*), as alleged herein, extends the statute of limitations by an additional year, effectively giving employees up to four years to file a wage claim in court. *See* Cal. Bus. & Prof. Code § 17208.

63.     Plaintiff and Class Members did not enter into legally binding agreements with

17

**Exhibit A, Page 21**

1   Defendants agreeing to work for a lesser wage.

2       64.    Defendants' conduct, as alleged herein, violates the aforementioned regulations
3   because throughout the Class Period, Defendants, as joint employers, failed to compensate
4   Plaintiff and Class Members for all regular hours worked.

5       65.    As alleged in more detail above, Defendants denied Plaintiff and Class Members
6   regular pay/minimum wages for regular hours worked by, *inter alia*, requiring them to attend
7   unpaid company meetings and training programs, engage in unpaid pre- and post-delivery work-
8   related duties, and work extended hours in order to complete their mandated job duties, but only
9   compensating them for a set number of hours less than what they worked.

10       66.    As a direct and proximate result of Defendants' unlawful conduct, as alleged herein,
11   Plaintiff and Class Members have been deprived, and continue to be deprived, of regular pay and
12   mandated minimum wages for regular hours worked in amounts to be determined according to
13   proof.

14       67.    Accordingly, Plaintiff and Class Members are entitled to recover, and hereby seek,
15   the unpaid balance of the full amount of deprived wages, pre- and post-judgment interest,
16   applicable penalties, attorneys' fees, costs of suit, and any further equitable relief this Court may
17   deem just and proper. *See* Cal. Lab. Code §§ 558.1, 1194, 1197.1; *see also*, Cal. Civ. Proc. Code §
18   1021.5. Plaintiff and Class Members are also entitled to, and hereby seek, liquidated damages. *See*
19   Cal. Lab. Code §§ 1194.2, 1197.1.

20           **Second Cause of Action**
21   **Failure to Provide Overtime Premium Pay**
    **Cal. Labor Code §§ 510, 558, 558.1, 1194; Cal. Code Regs. tit. 8, § 11090**
22   **(On behalf of Plaintiff and Class Members against all Defendants)**

23       68.    Plaintiff and Class Members re-allege and incorporate by reference each and every
24   allegation set forth in this Complaint with the same force and effect, and further allege as follows:

25       69.    California Labor Code section 510 provides:

26       Any work in excess of eight hours in one workday and any work in excess
27       of 40 hours in any one workweek and the first eight hours worked on the
    seventh day of work in any one workweek shall be compensated at the rate
28       of no less than one and one-half times the regular rate of pay for an
    employee.

01/24/2020

70.  California Labor Code section 558 provides in pertinent part:

(a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:

(1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(3) Wages recovered pursuant to this section shall be paid to the affected employee . . . .

(c) The civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law.

71.  California Labor Code section 1194 provides:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum or overtime compensation, including interest thereon, reasonable attorneys' fees and costs of suit.

72.  Pursuant to California Labor Code section 558.1:

(a) Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation.

(b) For purposes of this section, the term "other person acting on behalf of an employer" is limited to a natural person who is an owner, director, officer, or managing agent of the employer, and the term "managing agent" has the same meaning as in subdivision (b) of Section 3294 of the Civil Code.

(c) Nothing in this section shall be construed to limit the definition of employer under existing law.

73.  Pursuant to California Labor Code section 1198, the Industrial Welfare Commission

19

("IWC") provides the maximum hours of work and standard conditions of labor for California employees.

74.    Section 3(A) of IWC Wage Order No. 9-2001 provides in pertinent part:

. . . employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 1 /2) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:

(a) One and one-half (11/2) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and

(b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

(c) The overtime rate of compensation required to be paid to a nonexempt full-time salaried employee shall be computed by using the employee's regular hourly salary as one-fortieth (1/40) of the employee's weekly salary.

. . . .

75.    Section 2(H) of IWC Wage Order No. 9-2001 defines "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

76.    In general, claims for unpaid overtime wages must be filed within three years of the date the wages were earned. Cal. Civ. Proc. Code § 338. However, a cause of action under California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, et seq.), as alleged herein, extends the statute of limitations by an additional year, effectively giving employees up to four years to file a wage claim in court. See Cal. Bus. & Prof. Code § 17208.

77.    Defendants' conduct, as alleged herein, violates the aforementioned regulations because Defendants, as joint employers, failed to properly compensate Plaintiff and Class Members proper overtime premium pay for hours worked in excess of eight hours per workday, forty hours per workweek, and/or hours worked on the seventh consecutive day in a workweek.

20

78.     As a direct and proximate result of Defendants' unlawful conduct, as alleged in detail herein, Plaintiff and Class Members have been deprived, and continue to be deprived, of proper overtime premium pay for overtime hours worked in amounts to be determined according to proof.

79.     Accordingly, Plaintiff and Class Members are entitled to recover, and hereby seek, the unpaid balance of the full amount of deprived overtime premium pay earned for overtime hours worked, pre- and post-judgment interest, applicable penalties, attorneys' fees, costs of suit, and any further equitable relief this Court may deem just and proper. *See* Cal. Labor Code §§ 558, 558.1, 1194; *see also*, Cal. Civ. Proc. Code § 1021.5.

**Third Cause of Action**
**Failure to Provide Meal Periods and/or Meal Period Premium Pay**
**Cal. Labor Code §§ 218.5, 218.6, 226.7, 512, 558, 558.1; Cal. Code Regs. tit. 8, § 11090**
**(On behalf of Plaintiff and Class Members against all Defendants)**

80.     Plaintiff and Class Members re-allege and incorporate by reference each and every allegation set forth in this Complaint with the same force and effect, and further allege as follows:

81.     California Labor Code section 512 provides:

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

82.     California Labor Code section 226.7 provides in pertinent part:

> (a) An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission . . . .

> (b) If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, . . . the employer shall pay the employee

21

**Exhibit A, Page 25**

one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

. . . .

83. California Labor Code section 558 provides in pertinent part:

(a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:

(1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(3) Wages recovered pursuant to this section shall be paid to the affected employee . . . .

(c) The civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law.

84. Pursuant to California Labor Code section 558.1:

(a) Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation.

(b) For purposes of this section, the term "other person acting on behalf of an employer" is limited to a natural person who is an owner, director, officer, or managing agent of the employer, and the term "managing agent" has the same meaning as in subdivision (b) of Section 3294 of the Civil Code.

(c) Nothing in this section shall be construed to limit the definition of employer under existing law.

85. Pursuant to California Labor Code section 1198, the Industrial Welfare Commission provides the maximum hours of work and standard conditions of labor for California employees.

86. Section 11 of IWC Wage Order No. 9-2001 provides in pertinent part:

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that

22

when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee.

(B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

(C) Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(D) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

. . . .

87. California Labor Code section 218.5 provides in pertinent part:

(a) In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action. However, if the prevailing party in the court action is not an employee, attorney's fees and costs shall be awarded pursuant to this section only if the court finds that the employee brought the court action in bad faith . . . .

(b) This section does not apply to any cause of action for which attorney's fees are recoverable under Section 1194.

88. California Labor Code section 218.6 provides in pertinent part:

In any action brought for the nonpayment of wages, the court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code [10 percent per annum], which shall accrue from the date that the wages were due and payable . . . .

89. In general, claims for payments under California Labor Code section 226.7 for missed meal and rest period violations must be filed within three years. Cal. Civ. Proc. Code §

23

1  338. However, a cause of action under California's Unfair Competition Law (Cal. Bus. & Prof.
2  Code §§ 17200, *et seq*.), alleged herein, extends the statute of limitations by an additional year,
3  effectively giving employees up to four years to file a wage claim in court. *See* Cal. Bus. & Prof.
4  Code § 17208.

5       90.    Premium pay for denied lawful meal and rest periods is considered a "wage" rather
6  than a penalty. *See Murphy*, 40 Cal. 4th at 1114.

7       91.    Defendants' conduct throughout the Class Period, as alleged in detail herein,
8  violates the aforementioned regulations because Defendants, as joint employers, failed to properly
9  provide Plaintiff and Class Members lawful unpaid off-duty thirty-minute meal periods, free from
10 management control, as well as the corresponding required premium pay wages for denied off-
11 duty meal periods.

12      92.    As alleged in more detail above, Defendants denied Plaintiff and Class Members
13 lawful off-duty meal periods throughout the Class Period by, *inter alia*, scheduling them for
14 numerous time-consuming deliveries and lengthy delivery routes, and requiring them to complete
15 all daily pick-ups, deliveries, and other work-related duties, which typically left them no time to
16 take lawful uninterrupted meal periods in order to complete their required duties. Even when they
17 were provided meal periods of some form during the Class Period, those periods were typically
18 on-duty, subject to management control and continuance of work-related duties.

19      93.    Upon information and belief, Plaintiff and Class Members did not enter into legally
20 binding written agreements with Defendants agreeing to "on duty" meal periods, or waiving "off
21 duty" meal periods. Nor does the nature of their work prevent Delivery Drivers (including
22 Plaintiff and Class Members) from being relieved of all duties during meal periods, as off-duty
23 meal periods could be provided without affecting, damaging, or destroying the performance of
24 their work. To the contrary, any inability to take uninterrupted off-duty meal periods was, and is,
25 attributable solely to Defendants' own insufficient staffing models, rather than the general nature
26 of the work performed by Delivery Drivers, thereby implicating further potential violations of
27 California Labor Code sections 2810, *et seq*.

28      94.    Plaintiff is informed and believes, and based thereon alleges, that all Class Members

24

1   have substantially similar job responsibilities.

2   95.   Relatedly, despite failing to provide Delivery Drivers lawful uninterrupted off-duty

3   meal periods throughout the Class Period, Defendants also systematically denied Plaintiff and

4   Class Members proper premium pay at the rate of one hour of pay at their regular pay rates for

5   each workday they were denied an unpaid off-duty thirty-minute meal period.

6   96.   Accordingly, Plaintiff and Class Members are entitled to recover, and hereby seek,

7   an amount equal to one hour of their hourly pay rates per missed off-duty meal period, in addition

8   to pre- and post-judgment interest, applicable penalties, attorneys' fees, costs of suit, and any

9   further equitable relief this Court may deem just and proper. *See* Cal. Labor Code §§ 226.7, 558,

10   558.1, 218.5, 218.6, 2810, *et seq.*; *see also*, Cal. Civ. Proc. Code § 1021.5.

**Fourth Cause of Action**
**Failure to Provide Rest Periods and Rest Period Premium Pay**
**Cal. Labor Code §§ 226.7, 218.5, 218.6, 558.1; Cal. Code Regs. tit. 8, § 11090**
**(On behalf of Plaintiff and Class Members against all Defendants)**

14   97.   Plaintiff and Class Members re-allege and incorporate by reference each and every

15   allegation set forth in this Complaint with the same force and effect, and further allege as follows:

16   98.   California Labor Code section 226.7 provides in pertinent part:

17   (a) An employer shall not require an employee to work during a meal or
18   rest or recovery period mandated pursuant to an applicable statute, or
applicable regulation, standard, or order of the Industrial Welfare
19   Commission . . . .

20   (b) If an employer fails to provide an employee a meal or rest or recovery
period in accordance with a state law, including, but not limited to, an
21   applicable statute or applicable regulation, standard, or order of the
Industrial Welfare Commission, . . . the employer shall pay the employee
22   one additional hour of pay at the employee's regular rate of compensation
23   for each workday that the meal or rest or recovery period is not provided.

. . . .

25   99.   Pursuant to California Labor Code section 558.1:

26   (a) Any employer or other person acting on behalf of an employer, who
violates, or causes to be violated, any provision regulating minimum wages
27   or hours and days of work in any order of the Industrial Welfare
Commission, or violates, or causes to be violated, Sections 203, 226, 226.7,

28

25

1193.6, 1194, or 2802, may be held liable as the employer for such violation.

(b) For purposes of this section, the term "other person acting on behalf of an employer" is limited to a natural person who is an owner, director, officer, or managing agent of the employer, and the term "managing agent" has the same meaning as in subdivision (b) of Section 3294 of the Civil Code.

(c) Nothing in this section shall be construed to limit the definition of employer under existing law.

100. Pursuant to California Labor Code section 1198, the Industrial Welfare Commission provides the maximum hours of work and standard conditions of labor for California employees.

101. Sections 12(A) and 12(B) of IWC Wage Order No. 9-2001 provide:

(A) Every employer shall authorize and permit all employees to take rest periods, which in so far as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1 /2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

. . . .

102. California Labor Code section 218.5 provides in pertinent part:

(a) In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action. However, if the prevailing party in the court action is not an employee, attorney's fees and costs shall be awarded pursuant to this section only if the court finds that the employee brought the court action in bad faith . . . .

(b) This section does not apply to any cause of action for which attorney's fees are recoverable under Section 1194.

103. California Labor Code section 218.6 provides in pertinent part:

In any action brought for the nonpayment of wages, the court shall award interest on all due and unpaid wages at the rate of interest specified in

26

Exhibit A, Page 30

subdivision (b) of Section 3289 of the Civil Code [10 percent per annum], which shall accrue from the date that the wages were due and payable . . . .

104. In general, claims for payments under California Labor Code section 226.7 for missed rest period violations must be filed within three years. Cal. Civ. Proc. Code § 338. However, a cause of action under California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq*.), as alleged herein, extends the statute of limitations by an additional year, effectively giving employees up to four years to file a wage claim in court. *See* Cal. Bus. & Prof. Code § 17208.

105. Premium pay for denied meal and rest periods is considered a "wage" rather than a penalty. *See Murphy*, 40 Cal. 4th at 1114.

106. Defendants' conduct throughout the Class Period, as alleged in detail herein, violates the aforementioned regulations because Defendants, as joint employers, failed to properly provide Plaintiff and Class Members lawful uninterrupted off-duty ten-minute rest periods per four hours of work, or major fraction thereof, free from management control, as well as the corresponding required premium pay for denied rest periods.

107. As alleged in more detail above, Defendants denied Plaintiff and Class Members lawful paid off-duty rest periods throughout the Class Period by, *inter alia*, scheduling them for numerous time-consuming deliveries and lengthy delivery routes, and requiring them to complete all daily pick-ups, deliveries, and other work-related duties, which typically left them no time to take uninterrupted rest periods in order to complete their required duties. Even when they were provided rest periods of some form during the Class Period, those rest periods were typically on-duty, subject to management control and continuance of work-related duties.

108. Relatedly, despite failing to provide Delivery Drivers lawful paid off-duty rest periods, Defendants also systematically denied Plaintiff and Class Members proper premium compensation at the rate of one hour of pay at their regular rates of compensation for each workday they were denied an off-duty ten-minute rest period.

109. Accordingly, Plaintiff and Class Members are entitled to recover, and hereby seek, an amount equal to one hour of their hourly pay rates per missed rest period, in addition to pre- and post-judgment interest, applicable penalties, attorneys' fees and costs, and any further

27

1   equitable relief this Court may deem just and proper. *See* Cal. Labor Code §§ 226.7, 558, 558.1,

2   218.5, 218.6; *see also*, Cal. Civ. Proc. Code § 1021.5.

### Fifth Cause of Action
**Failure to Reimburse for Necessary Expenditures Incurred**
**Cal. Labor Code §§ 2802, 510, 558.1; Cal. Code Regs. tit. 8, § 11090**
**(On behalf of Plaintiff and Class Members against all Defendants)**

110.   Plaintiff and Class Members re-allege and incorporate by reference each and every

allegation set forth in this Complaint with the same force and effect, and further allege as follows:

111.   California Labor Code section 2802 provides:

(a) An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

(b) All awards made by a court or by the Division of Labor Standards Enforcement for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss.

(c) For purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section.

112.   California Labor Code section 2804 mandates that this statutory right cannot be

waived.

113.   Pursuant to California Labor Code section 558.1:

(a) Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation.

(b) For purposes of this section, the term "other person acting on behalf of an employer" is limited to a natural person who is an owner, director, officer, or managing agent of the employer, and the term "managing agent" has the same meaning as in subdivision (b) of Section 3294 of the Civil Code.

(c) Nothing in this section shall be construed to limit the definition of

28

employer under existing law.

114. Section 9 of IWC Wage Order No. 9 provides in pertinent part:

(A) When uniforms are required by the employer to be worn by the employee as a condition of employment, such uniforms shall be provided and maintained by the employer. The term "uniform" includes wearing apparel and accessories of distinctive design or color.

(B) When tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer, except that an employee whose wages are at least two (2) times the minimum wage provided herein may be required to provide and maintain hand tools and equipment customarily required by the trade or craft. This subsection (B) shall not apply to apprentices regularly indentured under the State Division of Apprenticeship Standards.

. . . .

115. Because an employer's liability under California Labor Code section 2802 is "a liability created by statute," in general claims for unreimbursed necessary expenditures under California Labor Code section 2802 must be filed within three years of the date the employee accrues the expense. Cal. Code Civ. Proc. § 338(a)). However, a cause of action under California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*), as alleged herein, extends the statute of limitations by an additional year, effectively giving employees up to four years to file a claim in court for restoration of money or property acquired by means of unfair competition. *See* Cal. Bus. & Prof. Code §§ 17203 and 17208.

116. As alleged in more detail above, Defendants, as joint employers, violated the above statutes throughout the Class Period by uniformly denying Plaintiff and Class Members reimbursement for necessary expenditures incurred in direct consequence of discharging their duties and/or obeying the directions of Defendants, including, *inter alia*, work uniform-related items and personal cell phone use/expenses.

117. As a direct and proximate result of Defendants' failure to provide reimbursement for necessary expenditures incurred throughout the Class Period, Plaintiff and Class Members suffered, and continue to suffer, substantial losses related to such unreimbursed expenditures, including, but not limited to, the use and enjoyment of monies owed, lost interest on monies owed, and attorneys' fees and costs incurred to enforce their rights.

29

118. In failing to provide Delivery Drivers reimbursement for necessary expenditures incurred, Defendants derived, and continue to derive, an unjust and inequitable economic benefit at the unjust expense of Plaintiff and Class Members.

119. Accordingly, Plaintiff and Class Members are entitled to recover, and hereby seek, an amount equal to incurred necessary expenditures, pre- and post-judgment interest, applicable penalties, attorneys' fees and costs, and any further equitable relief this Court may deem just and proper. *See* Cal. Labor Code §§ 2802, 558.1; *see also*, Cal. Civ. Proc. Code § 1021.5.

## Sixth Cause of Action
### Failure to Provide Accurate Wage Statements & Keep Accurate Payroll Records
### Cal. Labor Code §§ 226, 226.3, 558.1, 1174; Cal. Code Regs. tit. 8, § 11090
### (On behalf of Plaintiff and Class Members against all Defendants)

120. Plaintiff and Class Members re-allege and incorporate by reference each and every allegation set forth in this Complaint with the same force and effect, and further allege as follows:

121. California Labor Code section 226 provides in pertinent part:

(a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis . . . (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee

. . . .

(e)(1) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

(e)(2)(B) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of

30

**Exhibit A, Page 34**

subdivision (a)  and the employee cannot promptly and easily determine from the wage statement alone one or more of the following:

. . . .

(i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement . . . .

122.    The purpose of California Labor Code section 226 is to ensure the employees are able to determine whether or not they are being paid their wages in accordance with California law. Under section 226(h), "[a]n employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees."

123.    Further, California Labor Code section 1174 provides:

Every person employing labor in this state shall . . . .

(d) Keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments.    These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than three years.[3]

124.    California Labor Code section 1174.5 provides:

Any person employing labor who willfully fails to maintain the records required by subdivision (c) of Section 1174 or accurate and complete records required by subdivision (d) of Section 1174 . . . shall be subject to a civil penalty of five hundred dollars ($500).

125.    Pursuant to California Labor Code section 558.1:

(a) Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation.

(b) For purposes of this section, the term "other person acting on behalf of an employer" is limited to a natural person who is an owner, director, officer, or managing agent of the employer, and the term "managing agent" has the same meaning as in subdivision (b) of Section 3294 of the Civil Code.

---

[3] *See also* Section 7 of IWC Wage Order No. 9-2001. Cal. Code Regs. tit. 8, § 11090.

31

CLASS ACTION COMPLAINT                                          CASE NO. _____

(c) Nothing in this section shall be construed to limit the definition of employer under existing law.

126.   In general, claims for penalties under California Labor Code section 226 for violations of the itemized wage statement requirements must be filed within one year, unless tolled. Cal. Civ. Proc. Code § 340(a).

127.   As alleged in more detail above, Defendants, as joint employers, violated the above statutes by failing to provide Plaintiff and Class Members accurate itemized wage statements during the Class Period, which accurately accounted for all hours worked and premium pay owed. None of the wage statements provided to Plaintiff and Class Members accurately reflect all employer names and addresses, regular hours worked, overtime hours worked, regular hourly pay rates, overtime hourly pay rates, and/or actual gross wages and net wages earned, for the reasons detailed herein. Additionally, Defendants also failed to account for premium wages owed as a result of denying Plaintiff and Class Members lawful meal and rest periods, and for necessary expenditures incurred, as alleged above.

128.   Because they were not aware of what their true wages should have been and how they were calculated, Plaintiff and Class Members suffered economic loss in the form of lower wages and lost compensation, and have suffered injury by being denied accurate itemized wage statements pursuant to California Labor Code section 226(e)(2)(A).

129.   Throughout the Class Period, Defendants also failed, and continue to fail, to maintain accurate payroll records showing the hours worked daily by, and the wages paid to, Plaintiff and Class Members. None of Defendants' payroll records pertaining to Plaintiff and Class Members accurately reflect all employer names and addresses, regular hours worked, overtime hours worked, regular hourly pay rates, overtime hourly pay rates, actual gross wages and net wages earned, meal periods, premium wages owed for denied lawful meal and rest periods, and necessary expenditures incurred.

130.   As a direct and proximate result of Defendants' failure to maintain accurate payroll records, Plaintiff and Class Members have suffered actual economic harm, as they have been precluded from accurately monitoring their number of hours worked, and thus inhibited from seeking all wages owed, including, but not limited to, minimum wage for all hours worked,

32

1   earned overtime pay, and premium pay for denied meal and rest periods.

2   131.   Accordingly, Plaintiff and Class Members are entitled to recover, and hereby seek,

3   damages, pre- and post-judgment interest, applicable penalties, attorneys' fees, costs of suit, and

4   any further equitable relief this Court may deem just and proper. *See* Cal. Labor Code §§ 226(e),

5   558.1, 1174.5; *see also*, Cal. Civ. Proc. Code § 1021.5.

6   132.   Because Defendants' violations are ongoing and will continue until and unless this

7   Court enters an injunction barring such violations, Plaintiff and Class Members are also entitled

8   to, and hereby seek, injunctive relief in the form of a requirement that Defendants accurately list

9   all time worked on their wage statements, pursuant to California Labor Code section 226(h).

10
11
12

**Seventh Cause of Action**
**Failure to Timely Pay Wages Owed**
**Cal. Labor Code §§ 201-204, 210, 2926, 2927; Cal. Code Regs. tit. 8, § 11090**
**(On behalf of Plaintiff and Class Members against all Defendants)**

13   133.   Plaintiff and Class Members re-allege and incorporate by reference each and every

14   allegation set forth in this Complaint with the same force and effect, and further allege as follows:

15   134.   Pursuant to California Labor Code section 2926, "[a]n employee who is not

16   employed for a specified term and who is dismissed by his employer is entitled to compensation

17   for services rendered up to the time of such dismissal."

18   135.   Pursuant to California Labor Code section 2927, "[a]n employee who is not

19   employed for a specified term and who quits the service of his employer is entitled to

20   compensation for services rendered up to the time of such quitting."

21   136.   Pursuant to California Labor Code section 201, "[i]f an employer discharges an

22   employee the wages earned and unpaid at the time of discharge are due and payable

23   immediately."

24   137.   California Labor Code section 202 provides:

25
26
27

If an employee not having a written contract for a definite period quits his
or her employment, his or her wages shall become due and payable not later
than 72 hours thereafter, unless the employee has given 72 hours previous
notice of his or her intention to quit, in which case the employee is entitled
to his or her wages at the time of quitting.

28

01/24/2020

33

**Exhibit A, Page 37**

138.  California Labor Code section 203(a) provides:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days. An employee who secretes or absents himself or himself to avoid payment to him or her, or who refuses to receive the payment when fully tendered to him or her, including any penalty then accrued under this section, is not entitled to any benefit under this section for the time during which he or she so avoids payment.

139.  California Labor Code section 204 provides:

(a) All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

140.  California Labor Code section 210 provides:

(a) In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows:

(1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee.

(2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

(b) The penalty shall be recovered by the Labor Commissioner as part of a hearing held to recover unpaid wages and penalties pursuant to this chapter or in an independent civil action. The action shall be brought in the name of the people of the State of California and the Labor Commissioner and the attorneys thereof may proceed and act for and on behalf of the people in bringing these actions.  Twelve and one-half percent of the penalty recovered shall be paid into a fund within the Labor and Workforce Development Agency dedicated to educating employers about state labor laws, and the remainder shall be paid into the State Treasury to the credit of

34

1    the General Fund.

2    141.    Section 20 of IWC Order No. 9 provides in pertinent part:

3    (A) In addition to any other civil penalties provided by law, any employer
     or any other person acting on behalf of the employer who violates, or
4    causes to be violated, the provisions of this order, shall be subject to the
     civil penalty of:
5

6    (1) Initial Violation — $50.00 for each underpaid employee for each pay
     period during which the employee was underpaid in addition to the amount
7    which is sufficient to recover unpaid wages.

8    (2) Subsequent Violations — $100.00 for each underpaid employee for
     each pay period during which the employee was underpaid in addition to an
9    amount which is sufficient to recover unpaid wages.

10   (3) The affected employee shall receive payment of all wages recovered.

11                                    . . . .

12   142.    In general, claims for waiting time penalties under California Labor Code section
13   203 must be filed within three years of the termination. Cal. Labor Code § 203.

14   143.    Defendants, as joint employers, violated the above statutes by failing to promptly
15   pay Plaintiff and Class Members all earned wages due each and every pay period, as well as
16   immediately upon termination and/or within seventy-two hours upon resignation.

17   144.    During the Class Period, Defendants violated, and continue to violate, California
18   Labor Code section 204 and Section 20 of IWC Wage Order No. 9 by failing to compensate
19   Plaintiff and Class Members regular pay/minimum wages for regular hours worked, overtime
20   premium wages for overtime hours worked, premium pay for denied meal and rest periods
21   (wages), reimbursement for incurred necessary expenditures, and other wages due to Plaintiff and
22   Class Members each pay period, as alleged in more detail herein.

23   145.    Further, Defendants violated, and continue to violate, California Labor Code
24   sections 210, 202, 2926, and 2927 by failing to compensate former employees (including Plaintiff
25   and Class Members no longer working for Defendants) for services rendered up to the time of
26   dismissal or voluntary resignation.

27   146.    Accordingly, Plaintiff and Class Members are entitled to recover, and hereby seek,
28   applicable penalties, attorneys' fees, costs of suit, and any further equitable relief this Court may

                                           35

1  deem just and proper. *See* Cal. Labor Code §§ 210 and 218.6; *see also*, Cal. Civ. Proc. Code §

2  1021.5; Cal. Code Regs. tit. 8, § 11090. Plaintiff and Class Members who no longer work for

3  Defendants are further entitled to, and hereby seek, waiting-time penalties in amounts equal to

4  thirty times their respective daily wages. *See* Cal. Labor Code § 203.

**Eighth Cause of Action**
**California's Unfair Competition Law**
**Cal. Bus. & Prof. Code §§ 17200, *et seq*.**
**(On behalf of Plaintiff and Class Members against all Defendants)**

147.    Plaintiff and Class Members re-allege and incorporate by reference each and every

allegation set forth in this Complaint with the same force and effect, and further allege as follows:

148.    Pursuant to California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code

§§ 17200, *et seq*., "specific or preventive relief may be granted to enforce a penalty, forfeiture, or

penal law in a case of unfair competition." Cal. Bus. & Prof. Code § 17202.

149.    "[U]nfair competition shall mean and include any unlawful, unfair or fraudulent

business act or practice." Cal. Bus. & Prof. Code § 17200.

150.    "[T]he term person shall mean and include natural persons, corporations, firms,

partnerships, joint stock companies, associations and other organizations of persons." Cal. Bus. &

Prof. Code § 17201.

151.    California Business & Professions Code section 17203 authorizes injunctive,

declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair
> competition may be enjoined in any court of competent jurisdiction. The
> court may make such orders or judgments, including the appointment of a
> receiver, as may be necessary to prevent the use or employment by any
> person of any practice which constitutes unfair competition, as defined in
> this chapter, or as may be necessary to restore to any person in interest any
> money or property, real or personal, which may have been required by
> means of such unfair competition.

152.    An action to enforce any cause of action under the UCL must be commenced within

four years after the cause of action accrued. Cal. Bus. & Prof. Code § 17208.

153.    California Labor Code § 90.5(a) declares:

36

> It is the policy of this state to vigorously enforce minimum labor standards in order to ensure employees are not required or permitted to work under substandard unlawful conditions or for employers that have not secured the payment of compensation, and to protect employers who comply with the law from those who attempt to gain a competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

154. Through the conduct alleged herein, throughout the Class Period, Defendants engaged in, and continue to engage in, "unlawful" business practices by violating California law, including, but not limited to, various provisions of the California Labor Code, as alleged herein, and IWC Wage Order No. 9-2001, codified via the California Code of Regulations, for which this Court should issue declaratory, injunctive, and/or other equitable relief, pursuant to California Business & Professions Code section 17203. Plaintiff reserves the right to allege violations of other laws and regulations as investigation and discovery proceeds. Declaratory and injunctive relief is necessary to prevent and remedy Defendants' conduct held to constitute unlawful business competition, as pecuniary compensation alone would not afford adequate and complete relief. Declaratory and injunctive relief is further appropriate to avoid a multiplicity of suits for continuing violations under the UCL.

155. Defendants' acts and practices, as alleged in detail herein, also constitute "unfair" business acts and practices within the meaning of the UCL in that Defendants' conduct is substantially injurious to employees, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. Such conduct is ongoing and continues to this date. Defendants' had, and have, reasonable alternatives to them, such as complying with all governing wage and hour laws.

156. By and through the business practices as alleged herein, Defendants unjustly obtained valuable property, money, and services from Plaintiff and Class Members, forcing them to work under substandard conditions and depriving them of valuable rights and benefits guaranteed by law, all to their detriment and to the unjust benefit of Defendants, so as to allow Defendants to gain an unfair competitive advantage over law-abiding employers and competitors. Plaintiff and Class Members lost money and/or property as a result of Defendants' unfair, unlawful, and/or fraudulent business practices, as alleged herein, including, but not limited to, lost

37

**Exhibit A, Page 41**

1 | wages and interest, unreimbursed necessary expenditures, and attorneys' fees and costs incurred
2 | to enforce their rights.

3 |     157.   Plaintiff and Class Members have no plain, speedy, and/or adequate remedy at law
4 | that will end the unfair, unlawful, and/or fraudulent business practices of Defendants, as alleged
5 | herein, which presently continue to occur unabated. As a result of Defendants' unfair, unlawful,
6 | and/or fraudulent business practices, as alleged herein, Plaintiff and Class Members have suffered,
7 | and will continue to suffer, irreparable harm unless and until Defendants are restrained from
8 | continuing to engage in such unfair, unlawful, and/or fraudulent business practices.

9 |     158.   Accordingly, Plaintiff and Class Members are entitled to, and hereby seek,
10 | preliminary and permanent injunctive relief, including, but not limited to, an order that
11 | Defendants account for, disgorge, and restore to Plaintiff and Class Members all unlawfully
12 | withheld wages and unreimbursed necessary expenditures incurred, an order enjoining Defendants
13 | from continuing to engage in any such conduct found to constitute unfair, unlawful, and/or
14 | fraudulent business practices in the future, attorneys' fees, costs of suit, and any further equitable
15 | relief this Court may deem just and proper. Cal. Bus. & Prof. Code §§ 17200, *et seq.*; Cal. Civ.
16 | Proc. Code § 1021.5.

## VII.  PRAYER FOR RELIEF

18 |     WHEREFORE, Plaintiff and Class Members pray for judgment against Defendants, as
19 | follows:

20 |   1.    An order certifying that this action is properly brought and may be maintained as a
21 |        class action;

22 |   2.    An order appointing Plaintiff Luben Romanov as class representative of the Class,
23 |        and the Plaintiff's counsel as counsel for the Class;

24 |   3.    An order requiring Defendants to bear the costs of Class notice;

25 |   4.    Actual damages, compensatory damages, treble damages, liquidated damages,
26 |        and/or such other relief as provided by the statutes cited herein;

27 |   5.    Restitution, disgorgement, and other equitable relief;

28 |   6.    Statutory penalties as permitted under California law and the statutes cited herein;

38

7.    An order declaring Defendants' conduct as unlawful, unfair, and/or fraudulent, and an order enjoining Defendants from continuing to engage in such unlawful, unfair, and/or fraudulent activities in violation of the California Labor Code, IWC Wage Orders, and California's Unfair Competition Law;

8.    Pre- and post-judgment interest at the legal rate on all monies due;

9.    Reasonable attorneys' fees and costs of suit pursuant to California Labor Code section 1194, 1194.2, 1197, 1197.1 2699(g)(1) and/or other applicable law;;

10.   Any such other and further relief as this Court may deem necessary, just, and/or proper.

///

///

///

///

## VIII.  **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a jury trial on all causes of action, claims, and issues so triable.

Respectfully submitted,

**THE  PHELPS LAW GROUP**
**THE CARTER LAW FIRM**

Dated: January _16_, 2020      By: _Marc Phelps_

Marc H. Phelps, Esq.
Roger R. Carter, Esq.
Attorneys for Plaintiff Luben Romanov and all others
similarly situated

39

**Exhibit A, Page 43**

# EXHIBIT 1

# Tнe Carter Law Firm

## - LABOR & CLASS ACTION -

23 Corporate Plaza, Suite 150   Newport Beach, California 92660

ph.: 949-629-2565          e-mail: roger@carterlawfirm.net

### www.carterlawfirm.net

January 17, 2020

## NOTICE OF LABOR CODE VIOLATIONS PURSUANT TO
## CAL. LABOR CODE SECTIONS 2698, *et seq.*

### NOTICE VIA ONLINE SUBMISSION
California Labor and Workforce Development Agency

### VIA CERTIFIED U.S. MAIL WITH RETURN RECEIPT

**Amazon.com Services, LLC**
c/o Registered Agent for Service of Process          **Amazon.com Services, LLC**
Corporation Service Company / CSC-Lawyers            c/o Legal Department
Incorporating Service, Inc.                          410 Terry Avenue North
2710 Gateway Oaks Drive, Suite 150N                  Seattle, WA 98109
Sacramento, CA 95833-3505

Re:   **Notice by Luben Romanov, on behalf of himself and all similarly-situated aggrieved California employees of Amazon.com Services, LLC, as an individual and as a proposed Representative of the State of California**

Dear PAGA Administrator and Amazon.com Services, LLC:

Pursuant to the Private Attorneys General Act of 2004 ("PAGA"), California Labor Code sections 2698, *et seq.*, Luben Romanov ("Romanov" or "Claimant") intends to bring an action against his employers Amazon.com LLC and Amazon.com Services, LLC ("the Employers" or "Amazon"), individually and on behalf of all other potentially aggrieved employees, to recover civil penalties for alleged violations of: (1) Labor Code sections 204, 510, 1194, 1197, 1197.1, and 1198 for failure to pay all minimum, regular and/or overtime wages; (2) Labor Code sections 226.7 and 512, and IWC Wage Order 9-2001 (as amended), sections 11-12 for failure to provide compliant meal or rest periods, or one hour of pay in lieu thereof; (3) Labor Code sections 226(a) and 226.3 for failure to provide accurate and itemized wage statements showing all hours worked and applicable rates of pay; (4) Labor Code sections 203, 210, and 256 for failure to timely pay all wages due to terminated/separated employees; and (5) IWC Wage Order 9-2001 and Labor Code sections 558(a)(1)-(3) solely related to civil penalties resulting from each violation of the applicable IWC Wage Order provisions.

This letter serves as Claimant's written notice pursuant to Labor Code section 2699.3(a)(A)(1) providing the Labor and Workforce Development Agency ("LWDA") the opportunity to investigate the alleged claims contained herein. If the LWDA does not intend to investigate the alleged violations, Claimant intends to file a civil action for PAGA penalties on behalf of himself and all other potentially aggrieved employee drivers of in the State of California during the applicable limitations period (the PAGA Period).

**Exhibit A, Page 45**

California Labor and Workforce Development Agency
Amazon.com Services, LLC
Re: Luben Romanov
January 17, 2020
P a g e | 2

## FACTUAL STATEMENT

Claimant, worked as a local "delivery driver" for the Employers in the State of California from approximately June 2019 until a work-related injury (dog bite by Amazon customer's pet during a home delivery) on or about August 4, 2019. The Employers maintain files on each and every driver, including unique employee identifiers, and maintain daily monitoring and control of all delivery routes, set and determined by the Employers. Claimant had direct deposit showing that his pay was sent from Amazon.com but after separation from employment, Romanov could not access any records. A records demand was sent and no records were obtained from Amazon, in violation of Labor Code section 226 and 1174, and applicable IWC Wage Order Provisions.

During Claimants work, he was not paid for all time worked, loaded his own vehicle and had to inspect it without pay, could not take any off-duty meal or rest periods, incurred business expenses and cell phone costs without a policy of reimbursement, and received incomplete and inaccurate wage statements. After the dog-bite incident while working on the job, Amazon essentially terminated Romanov's employment, but did not pay all wages owed at the time of termination and may have failed to maintain worker's compensation coverage for him and other driver employees of Amazon.

## CIVIL PENALTIES FOR FAILURE TO PAY ALL MINIMUM AND/OR OVERTIME WAGES
### (Labor Code §§ 204, 510, 1194, 1197, and 1197.1)

Labor Code section 204(a) provides: "All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month."

Labor Code section 510(a) states in pertinent part that: "Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee."

Labor Code section 1194 states: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

California Labor and Workforce Development Agency
Amazon.com Services, LLC
Re: Luben Romanov
January 17, 2020
P a g e | 3

Labor Code section 1197 provides: "The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful. This section does not change the applicability of local minimum wage laws to any entity."

Labor Code section 1197.1 provides in pertinent part: "Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed…"

Each of these statutes is listed in Labor Code section 2699.5 as a statute for which violation of has been established to be subject to the default civil penalty provisions in Labor Code section 2699(f)(2). That section provides: "(f) For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: … (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."

Here, based on the foregoing, the Employers failed to pay all wages owed. Consequently, Claimant, on behalf of himself and other aggrieved employees, intends to recover civil penalties pursuant to the PAGA for the alleged violations, as well as reasonable attorney's fees and costs as provided by law.

## FAILURE TO PROVIDE TIMELY AND COMPLIANT MEAL AND REST PERIODS
(Labor Code §§ 226.7, 512, and IWC Wage Order 9-2001, §§ 11-12)

Because Claimant and other aggrieved drivers were, in fact, hourly-paid non-exempt employees, the Employers were required to comply with Labor Code sections 226.7, 512, and Wage Order 9-2001, sections 11-12.

Labor Code section 226.7(b) provides:

"An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health."

Labor Code section 226.7(c) provides:

"If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health

California Labor and Workforce Development Agency
Amazon.com Services, LLC
Re: Luben Romanov
January 17, 2020
P a g e | 4

> Standards Board, or the Division of Occupational Safety and Health,
> the employer shall pay the employee one additional hour of pay at the
> employee's regular rate of compensation for each workday that the
> meal or rest or recovery period is not provided."

Labor Code section 512(a) provides:

> "(a) An employer shall not employ an employee for a work period of
> more than five hours per day without providing the employee with a
> meal period of not less than 30 minutes, except that if the total work
> period per day of the employee is no more than six hours, the meal
> period may be waived by mutual consent of both the employer and
> employee. An employer shall not employ an employee for a work
> period of more than 10 hours per day without providing the employee
> with a second meal period of not less than 30 minutes, except that if the
> total hours worked is no more than 12 hours, the second meal period
> may be waived by mutual consent of the employer and the employee
> only if the first meal period was not waived."

IWC Wage Order 9-2001, section 11(A) provides:

> "No employer shall employ any person for a work period of more than
> five (5) hours without a meal period of not less than 30 minutes, except
> that when a work period of not more than six (6) hours will complete
> the day's work the meal period may be waived by mutual consent of the
> employer and the employee."

IWC Wage Order 9-2001, section 11(C) provides:

> "Unless the employee is relieved of all duty during a 30 minute meal
> period, the meal period shall be considered an 'on duty' meal period
> and counted as time worked. An "on duty" meal period shall be
> permitted only when the nature of the work prevents an employee from
> being relieved of all duty and when by written agreement between the
> parties an on-the- job paid meal period is agreed to. The written
> agreement shall state that the employee may, in writing, revoke the
> agreement at any time."

IWC Wage Order 9-2001, section 11(D) provides:

> "If an employer fails to provide an employee a meal period in
> accordance with the applicable provisions of this order, the employer
> shall pay the employee one (1) hour of pay at the employee's regular
> rate of compensation for each workday that the meal period is not
> provided."

California Labor and Workforce Development Agency
Amazon.com Services, LLC
Re: Luben Romanov
January 17, 2020
P a g e | 5

IWC Wage Order 9-2001, section 12(A) provides:

> "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate often (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (31/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

IWC Wage Order 9-2001, section 12(B) provides:

> "If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

During all of Claimant's employment, neither she nor any of the similarly-aggrieved drivers were provided or authorized to take 10-minute paid rest periods. The Employers never authorized such rest periods and never paid premium pay for any shift of 4 hours in length. There was no policy.

Further, as indicated above, the Employers had no meal break policy, did not relieve Claimant or other similarly-aggrieved employees of all duties, and rendered them "on call." As a consequence, in addition to owing meal and rest period one-hour pay premiums for each missed break period during Claimant's tenure of employment, the Employers are subject to PAGA civil penalties in an amount according to proof.

Labor Code sections 226.7 and 512 are statutes specifically listed in Labor Code section 2699.5 as statutes for which violations of have been established to be subject to the default civil penalty provisions in Labor Code section 2699(f)(2). That section provides: "(f) For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: ... (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."

Violations of IWC Wage Order 9-2001, sections 11 and 12 are governed by the civil penalty provisions of Labor Code section 558(a):

> (a) Any employer or other person acting on behalf of an employer who

**Exhibit A, Page 49**

California Labor and Workforce Development Agency
Amazon.com Services, LLC
Re: Luben Romanov
January 17, 2020
P a g e | 6

> violates, or causes to be violated, a section of this chapter or any
> provision regulating hours and days of work in any order of the
> Industrial Welfare Commission shall be subject to a civil penalty as
> follows:

>> (1) For any initial violation, fifty dollars ($50) for each underpaid
>> employee for each pay period for which the employee was
>> underpaid in addition to an amount sufficient to recover
>> underpaid wages.

>> (2) For each subsequent violation, one hundred dollars ($100) for
>> each underpaid employee for each pay period for which the
>> employee was underpaid ..."

Accordingly, the Employers are subject to assessment of civil penalties pursuant to Labor
Code section 2699(f)(2) for violations of statutes and subject to civil penalties for violations of
the applicable Wage Order as provided by Labor Code section 558(a) in an amount according to
proof.

### FAILURE TO PROVIDE ACCURATE AND ITEMIZED WAGE STATEMENTS
(Labor Code §§ 226(a), 226.3, and IWC Wage Order 9-2001 § 7)

Labor Code section 226(a) provides in pertinent part: "(a) An employer, semimonthly or
at the time of each payment of wages, shall furnish to his or her employee, either as a detachable
part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid
by personal check or cash, an accurate itemized statement in writing showing (1) **gross wages
earned**, (2) **total hours worked by the employee**, ... (5) **net wages earned** ... and (9) **all
applicable hourly rates in effect during the pay period and the corresponding number of
hours worked at each hourly rate by the employee.**" [Emphasis added.]

Labor Code section 226.3 provides in pertinent part: "Any employer who violates
subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred
fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars
($1,000) per employee for each violation in a subsequent citation, for which the employer fails to
provide the employee a wage deduction statement or fails to keep the records required in
subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to
any other penalty provided by law..."

IWC Wage Order 9-2001, section 7 provides in pertinent part:

> "(A) Every employer shall keep accurate information with respect to
> each employee including the following:

>> (1) Full name, home address, occupation and social security number.
>> (2) Birth date, if under 18 years, and designation as a minor.
>> (3) Time records showing when the employee begins and ends each
>> work period. Meal periods, split shift intervals and total daily hours

01/24/2020

California Labor and Workforce Development Agency
Amazon.com Services, LLC
Re: Luben Romanov
January 17, 2020
P a g e | 7

> worked shall also be recorded. Meal periods during which operations
> cease and authorized rest periods need not be recorded.
> (4) Total wages paid each payroll period, including value of board,
> lodging, or other compensation actually furnished to the employee.
> (5) Total hours worked in the payroll period and applicable rates of
> pay. This information shall be made readily available to the
> employee upon reasonable request....
>
> (D) Clocks shall be provided in all major work areas or within
> reasonable distance thereto insofar as practicable."

Here, the Employers failed entirely in the duty to maintain accurate records of all hours worked and instead placed that burden on the drivers. This time-keeping and record-keeping requirement is a non-delegable duty on the EMPLOYERS. Accordingly, the Employers' policies and procedures resulted in inaccurate pay records which failed to account for the on-call time and on-duty time. The aforementioned conduct violated Labor Code section 226(a), subsections (1), (2), (5) and (9). It also violated the applicable Wage Order on required recording keeping. Finally, the practices described herein violate Labor Code section 226.3, which assigns a specific civil penalty scheme for enforcement actions by the Department of Labor Standards and Enforcement ("DLSE") or the LWDA.   A records request was sent and Amazon failed to ever provide statutorily required employment an payroll records to Claimant.

Labor Code section 226(a) is a statute listed under Labor Code section 2699.5 for which civil penalties may be recovered under the default civil penalty scheme outlined in Labor Code section 2699(f)(2), cited above.

Labor Code section 226.3 provides an additional recoverable penalty "in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation..." The civil penalty assessments under Section 226.3 "are in addition to any other penalty provided by law."

Consequently, Claimant, on behalf of himself and other aggrieved employees, intends to file a representative action to recover civil penalties pursuant to the PAGA for the alleged violations.

## FAILURE TO TIMELY PAY ALL WAGES DUE TO TERMINATED/SEPARATED EMPLOYEES
### (Labor Code §§ 203, 210, and 256)

Labor Code section 203 provides: "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days. An employee

California Labor and Workforce Development Agency
Amazon.com Services, LLC
Re: Luben Romanov
January 17, 2020
P a g e | 8

who secretes or absents himself or himself to avoid payment to him or her, or who refuses to receive the payment when fully tendered to him or her, including any penalty then accrued under this section, is not entitled to any benefit under this section for the time during which he or she so avoids payment."

Labor Code section 210(a) provides: "(a) In addition to, *and entirely independent and apart from, any other penalty provided in this article*, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee. (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld." [Emphasis added.]

Labor Code section 256 provides: "The Labor Commissioner shall impose a civil penalty in an amount not exceeding 30 days pay as waiting time under the terms of Section 203."

Labor Code section 203 is a statute listed under Labor Code section 2699.5 for which civil penalties may be recovered under the default civil penalty scheme outlined in Labor Code section 2699(f)(2), cited above. Labor Code sections 210 and 256 provide an independent and non-cumulative basis to collect further civil penalties for the violations claimed herein.

Here, Claimant and other aggrieved hourly employees who provided delivery driver services for the Employers and who separated or were terminated from their employment within the applicable limitations period were not paid all wages due in a timely manner as a result of the off-the-clock time resulting directly from the Employers' express policies and practices. Consequently, Claimant, on behalf of himself and other aggrieved employees, intends to file a representative action to recover civil penalties pursuant to the PAGA for the alleged violations.

## FAILURE TO MAINTAIN ACCURATE RECORDS AND UNDERPAYMENT OF WAGES
### (Labor Code §§ 558(a)(1)-(3) and IWC Wage Order 9-2001)

As indicated above, IWC Wage Order 9-2001 requires payment of minimum and overtime wages, and requires the employer to track and maintain accurate records of all hours worked. Based on the allegations above, the Employers' policies and practices led to the failure to pay all wages due, either at minimum wage, regular wage, or at the overtime wage rate. Their policies and practices also violated the Wage Order's record keeping requirements.

Labor Code section 558(a) provides:

"(a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:

California Labor and Workforce Development Agency
Amazon.com Services, LLC
Re: Luben Romanov
January 17, 2020
P a g e | 9

> (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.
>
> (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid..."

As applied here, for each violation of the applicable IWC Wage Order provisions, Claimant is entitled to recover $50 for the first violation and $100 for each subsequent violation for all aggrieved employees in California impacted by the Employers' policies and practices. Further, as part of the civil penalty scheme, and to the extent permitted by law, Claimant will also seek underpaid wages on behalf of himself and other aggrieved employees in California as a representative action on behalf of the LWDA.

## FAILURE TO REIMBURSE EXPENSES
### (Labor Code § 2802 and IWC Wage Order 9-2001, § 9)

The Employers failed to indemnify Claimant and other aggrieved employees for all necessary expenditures or losses incurred. California Labor Code section 2802 requires employers to indemnify employees for all necessary expenditures or losses incurred by employees in direct consequence of the discharge their duties. However, the Employers did not reimburse Claimant and the aggrieved employees for all work expenses, including but not limited to tolls and parking fees, smartphones, GPS devices, internet data plans, and hands-free equipment. As a result of violations of California Labor Code section 2802, the Employers are liable for civil penalties pursuant to California Labor Code Labor Code sections 558, 2802, and 2698, *et seq.*

## POTENTIAL INDIVIDUAL LIABILITY OF UNKNOWN MANAGING AGENTS, OFFICERS, AND/OR DIRECTORS

California Labor Code section 558.1 provides: "Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation." Pursuant to California law, failure to pay wages to employees vitiates any corporate veil protections as to any officer, director, and/or managing director who engaged in actions to violate the Labor Code or applicable IWC Wage Orders. See, *Atempa v. Pedrazzani* (2018) 27 Cal. App. 5th 809, 238 Cal. Rptr. 3d 465. Specifically, the court held that "if there is evidence and a finding that a party other than the employer 'violates, or causes to be violated' the overtime laws (§ 558(a)) or 'pays or causes to be paid to any employee' less than minimum wage (§ 1197.1(a)), then that party is liable for certain civil penalties regardless of the

California Labor and Workforce Development Agency
Amazon.com Services, LLC
Re: Luben Romanov
January 17, 2020
P a g e | 10

identity or business structure of the employer." *Id.* at *820. See also *Moua v. IBM* (N.D. Cal. 2019) 2019 U.S.Dist.LEXIS 40851 (holding the same).

**CONCLUSION**

Mr. Romanov requests the Labor and Workforce Development Agency ("LWDA") initiate investigation of the violations described above. If the LWDA does not pursue enforcement within the time proscribed by law, Claimant will pursue claims for statutory and civil penalties and will seek all remedies available for violations of the Labor Code and the applicable Industrial Welfare Commission Wage Order, including all available civil penalties set forth in Labor Code section 2699(f)(2) and Labor Code sections 558(a)(1)-(3).

Very truly yours,

**THE CARTER LAW FIRM**
**THE PHELPS LAW GROUP**

Dated: January 17, 2020            By: _____

Roger R. Carter, Esq.
Marc H. Phelps, Esq.

Attorneys for Plaintiff Luben Romanov and other
California-based "aggrieved employees"

01/24/2020



## Superior Court of California, County of Los Angeles

> ### ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
>
> **THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**
>
> **CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration and settlement conferences. When ADR is done by phone or computer, it may be called Online Dispute Resolution (ODR). These "alternatives" to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees and witness fees.
- **Keeps Control** with the parties: Parties choose their ADR process and provider for voluntary ADR.
- **Reduces stress/protects privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral "mediator" listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

LASC CIV 271 NEW 03/19
For Mandatory Use
California Rules of Court, rule 3.221

LASC1

**Exhibit A, Page 55**

**How to arrange mediation in Los Angeles County**
Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
Parties may contact these organizations to request a "Resource List Mediation" for reduced-cost or free (for selected cases) mediation in person or with ODR (by phone or online).

- JAMS, Inc.: Case Manager (213) 253-9776 mdawson@jamsadr.com
- Mediation Center of Los Angeles: Case Manager: (833) 476-9145 info@mediationLA.org

These organizations cannot accept every case and they may decline cases at their discretion.
Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
NOTE: This service is not available for family law, probate or small claims.

b. **Los Angeles County Dispute Resolution Programs**
https://wdacs.lacounty.gov/programs/drp/
- Free, day-of-trial mediations at the courthouse for small claims, unlawful detainers (evictions) and, at the Stanley Mosk Courthouse, limited civil. No appointment needed.
- Free or low-cost mediations before the day of trial for these and other case types.
- For ODR by phone or computer for small claims or unlawful detainer (eviction) cases before the day of trial, visit
http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c. **Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit: www.lacourt.org/division/civil/settlement

Los Angeles Superior Court ADR website: www.lacourt.org/division/civil/settlement
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**

California Employment
Lawyers Association

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◈**Los Angeles County Bar Association Litigation Section**◈

◈ **Los Angeles County Bar Association
Labor and Employment Law Section**◈

◈**Consumer Attorneys Association of Los Angeles**◈

◈**Southern California Defense Counsel**◈

◈**Association of Business Trial Lawyers**◈

◈**California Employment Lawyers Association**◈

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

**Exhibit A, Page 57**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
<br>(INSERT DATE)                              (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____ ➤ _____
(TYPE OR PRINT NAME)                 (ATTORNEY FOR PLAINTIFF)

Date:

_____ ➤ _____
(TYPE OR PRINT NAME)                 (ATTORNEY FOR DEFENDANT)

Date:

_____ ➤ _____
(TYPE OR PRINT NAME)                 (ATTORNEY FOR DEFENDANT)

Date:

_____ ➤ _____
(TYPE OR PRINT NAME)                 (ATTORNEY FOR DEFENDANT)

Date:

_____ ➤ _____
(TYPE OR PRINT NAME)                 (ATTORNEY FOR _____ )

Date:

_____ ➤ _____
(TYPE OR PRINT NAME)                 (ATTORNEY FOR _____ )

Date:

_____ ➤ _____
(TYPE OR PRINT NAME)                 (ATTORNEY FOR _____ )

**Exhibit A, Page 59**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

    c.    No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

    d.    If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

    e.    If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.    If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.    The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.    Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.    Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.    References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

**Exhibit A, Page 62**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

    ☐ Request for Informal Discovery Conference
    ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

### INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

**Exhibit A, Page 63**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                     FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

The parties agree that:

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Marc H. Phelps, Esq. (SBN 237036)<br>THE PHELPS LAW GROUP<br>23 Corporate Plaza Drive, Suite 150<br>Newport Beach, CA 92660<br>TELEPHONE NO: (949) 629-9533   FAX NO: (949) 629-2501<br>ATTORNEY FOR *(Name):* Plaintiff Luben Romanov | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>JAN 2 3 2020<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: Tanya Herrera, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
ROMANOV v. AMAZON.COM SERVICES LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: 20STCV02837 |
|---|---|---|---|
| ☑ Unlimited<br>(Amount demanded exceeds $25,000) | ☐ Limited<br>(Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☑ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation**
**(Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is  ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* Eight (8)
5. This case ☑ is  ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 22, 2020
Marc H. Phelps
_____
*(TYPE OR PRINT NAME)*                                    *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
         or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

**Exhibit A, Page 67**

| SHORT TITLE: ROMANOV v. AMAZON.COM SERVICES LLC | CASE NUMBER 20STCV02037 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**



**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.3
Page 1 of 4

**Exhibit A, Page 68**

| SHORT TITLE: ROMANOV v. AMAZON.COM SERVICES LLC | CASE NUMBER |
|---|---|

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|
| Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| Other Employment (15) | ☑ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | ①, 2, 3<br>10 |
| Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case<br>☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

Side labels (top to bottom): Non-Personal Injury/ Property Damage/ Wrongful Death Tort · Employment · Contract · Real Property · Unlawful Detainer

LASC CIV 109 Rev. 12/18
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.3
Page 2 of 4

Exhibit A, Page 69

| SHORT TITLE: ROMANOV v. AMAZON.COM SERVICES LLC | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages<br>☐ A6123  Workplace Harassment With Damages<br>☐ A6124  Elder/Dependent Adult Abuse Case With Damages<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name/Change of Gender<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

**Exhibit A, Page 70**

| SHORT TITLE: ROMANOV v. AMAZON.COM SERVICES LLC | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☒ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: |
|---|---|
| CITY: | STATE: | ZIP CODE: |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _Central_ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: January 22, 2020

_[signature]_
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.   Original Complaint or Petition.

2.   If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.   Civil Case Cover Sheet, Judicial Council form CM-010.

4.   Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5.   Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6.   A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.   Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.3
Page 4 of 4

**Exhibit A, Page 71**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>01/23/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _Tanya Herrera_ Deputy<br>Tanya Herrera |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>20STCV02837 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Carolyn B. Kuhl | 12 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on _01/23/2020_
    (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By _Tanya Herrera_____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

Exhibit A, Page 72

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.