FILED
CLERK, U.S. DISTRICT COURT

October 20, 2021

CENTRAL DISTRICT OF CALIFORNIA
BY: ___VPC___ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUBEN ROMANOV, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br>v.<br>AMAZON.COM SERVICES LLC, a Delaware limited liability company; and DOES 1 through 20, inclusive,<br><br>        Defendants. | Case No. 2:20-cv-02692 SB (KSx)<br><br>**CLASS ACTION**<br><br>**AMENDED ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Hearing:<br>Date:  October 22, 2021<br>Time:  8:30 a.m.<br>Ctrm:   6C |

Plaintiff Luben Romanov and Defendant Amazon Services LLC have reached a proposed settlement of the proposed class's claims. The terms of the settlement are set forth in the Class and Representative Action Settlement Agreement ("Settlement Agreement") attached as Exhibit 1 to the Declaration of Michael D. Singer in support of Plaintiff's motion. Dkt. No. 46-3. The Court finds this matter suitable for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

The Court, having fully reviewed the Motion for Order Granting Preliminary Approval of Class and Representative Action Settlement, the supporting Points and Authorities, Declarations of Class Counsel Michael Singer, Roger R. Carter, and Marc H. Phelps, Settlement Agreement,[1] the Notice of Class Action Settlement, Change of Address Form, and pre-printed return envelope (collectively, "Notice Packet"), and the Supplement ordered by the Court on October 1, 2021, Dkt. No. 50, and in recognition of the Court's duty to make a preliminary determination as to the reasonableness of any proposed class action settlement and, if preliminarily determined to be reasonable, to ensure proper notice is provided to Class Members and PAGA Members in accordance with due process requirements, and to conduct a Final Approval hearing as to the good faith, fairness, adequacy and reasonableness of any proposed settlement, HEREBY MAKES THE FOLLOWING DETERMINATIONS AND ORDERS:

1.  The Court finds, on a preliminary basis, that the Agreement incorporated in full by this reference and made a part of this Order Granting Preliminary Approval appears to be fundamentally fair, adequate and within the range of reasonableness which could ultimately be given final approval by this Court. *See* Fed. R. Civ. P. 23(e); *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 964 (9th Cir. 2009). The Court notes Defendant Amazon.com Services LLC has agreed

---

[1] Undefined capitalized terms used herein have the same meaning ascribed to them in the Settlement Agreement.

to pay the Gross Settlement Amount of $700,000 in full satisfaction of the claims as more specifically described in the Settlement Agreement.

2. The Court finds that the $50,000 PAGA Civil Penalty Payment amount allocated from the Gross Settlement Amount as payment to the California Labor and Workforce Development Agency and PAGA Members, as their share of the Settlement of civil penalties under the Private Attorneys Generals Act is appropriate.

3. The Court also finds that, on a preliminary basis, the Settlement is fair and reasonable to all members of the Class when balanced against the probable outcome of further litigation relating to class action certification, liability and damages issues, and potential appeals of rulings The Court further finds that significant investigation, research, litigation, formal and informal discovery have been conducted such that Counsel for the Parties are able to reasonably evaluate their respective positions. The Court further finds that settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation, and that the proposed Settlement has been reached as the result of intensive, informed, and non-collusive arms'-length negotiations between the Parties. The Court finds the Settlement Agreement to be presumptively valid, subject only to any objections that may be raised at the Final Approval Hearing. ACCORDINGLY, GOOD CAUSE APPEARING, THE MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT IS HEREBY GRANTED.

4. As a part of the preliminary approval, the Court accepts and incorporates the Parties' Settlement Agreement and conditionally certifies the following Class for Settlement purposes only:

> All individuals employed by Defendant as Delivery Associates in California at any time during the period from January 23, 2016 through the date the Court grants preliminary approval of the Settlement Agreement or 120 days from the April 23, 2021 mediation, (August 21, 2021), whichever occurs first. Excluded from the Class are those who previously released their claims

against Defendant.

5. The Court approves and appoints Plaintiff Luben Romanov as the Class Representative.

6. The Court approves and appoints the law firms of The Phelps Law Group, the Carter Law Firm, and Cohelan, Khoury & Singer, and as Class Counsel.

7. The Court approves and appoints Simpluris, Inc. as the Administrator to administer the Settlement Agreement pursuant to its terms.

8. The Court finds that the Notice of Class Action Settlement ("Notice") advises the Class of the pendency of the Class Action, of the proposed Settlement terms, of preliminary Court approval of the proposed Settlement, of the automatic payment of a proportionate share of the Settlement monies without the need to return a claim form, of the Released Claims, of the PAGA Release, of the estimated amount each Participating Class Member may expect to receive if they do not request exclusion from the Class; of the manner and timing of requests for exclusions, disputes, and objections, and of the date set for the Final Approval Hearing.  The Court further finds that the Notice fairly and adequately advise Class Members and PAGA Members of the terms of the proposed Settlement and the benefits available to them, and of the Final Approval hearing date, time, and place and the right to file documentation in support of or in opposition to the Settlement and to appear in connection with that hearing. The Court further finds that the Notice clearly comports with all constitutional requirements including those of due process. ACCORDINGLY, GOOD CAUSE APPEARING, THE COURT HEREBY APPROVES THE NOTICE OF CLASS ACTION SETTLEMENT ATTACHED AS AN EXHIBIT A TO THE AGREEMENT;

9. The Court finds the mailing to the present and last known addresses of the members of the Class, with safeguards to perform reasonable skip traces of returned Notice Packets, constitutes an effective method of notifying Class and PAGA Members of their rights with respect to the Class Action and Settlement. ACCORDINGLY, IT IS HEREBY ORDERED that

   (a) Within 30 days of the entry of Preliminary Approval of the Settlement, Defendant shall forward to the appointed Administrator, the Class Data List as provided for by the terms of the Agreement;

   (b) Within 21 days of receipt of the Class Data List, the Administrator shall mail to each Class Member, by first class, postage pre-paid, the Notice Packet;

   (c) All mailings shall be made to the present and/or last known mailing address of the Class Members based on Defendant's records, as well as addresses that may be updated and located by the Administrator who will conduct reasonable address searches in cases of returned mail as set forth in the Agreement. The Court finds and so orders that the mailing of Notice Packets to Class Members as set forth in this paragraph is the best means practicable by which to reach Class Members and is reasonable and adequate pursuant to all constitutional and statutory requirements including all due process requirements; and,

10. IT IS FURTHER ORDERED that:

   (a) <u>Requests for Exclusion ("Opt-Out")</u>. Requests for Exclusion from the Class and Settlement must be postmarked and mailed to the Administrator no later than sixty (60) calendar days from the initial mailing of the Notice Packet to the Class. Class Members who receive a Notice Packet that was remailed by the Administrator shall have an additional 20 days from the original response deadline to request in writing an exclusion from the Settlement. A Request for Exclusion is only valid if it is timely postmarked and mailed, and includes (1) the name and address of the Class Member requesting exclusion, (2) a statement expressing that the Class Member elects to be excluded from the Settlement, and (3) a signature by the Class Member. A Non-Participating Class Member who is also a PAGA Member will be bound by the PAGA Release.

   (b) <u>Objections</u>. Class Members may return written objections to the Settlement in the manner set forth in the Notice. Written objections must be

1  postmarked and mailed to the Administrator no later than sixty (60) calendar days
2  from the initial mailing of the Notice packet to the Class. Class Members who
3  receive a Notice Packet that was remailed by the Administrator shall have an
4  additional 20 days from the original response deadline to submit a written objection.
5  Written objections must be signed by the Class Member and should include the Class
6  Member's full name and address, the grounds for each objection made, and whether
7  the Class Member intends to appear at the Final Approval Hearing.  Class Members
8  may also appear at the Final Approval Hearing without first submitting a written
9  objection.

10         (c)    <u>Disputes</u>.   Class and PAGA Members may dispute the
11  information upon which their Settlement Payments will be calculated in the manner
12  provided as set forth in the Settlement Agreement.  Any dispute must be postmarked
13  and mailed to the Administrator, no later than sixty (60) days after the Administrator
14  mails the Notice Packets to the Class.  Class Members who receive a re-mailed
15  Notice Packet shall have an additional 20 days from their original deadline to dispute
16  in writing the information on which their Settlements were calculated.

17         11.    IT IS FURTHER ORDERED that the Final Approval hearing shall be
18  held before the Honorable Stanley Blumenfeld, Jr. at **8:30 a.m. on March 25,**
19  **2022**, at the United States District Court, Central District of California, 350 West
20  First Street, Los Angeles, California 90012, Courtroom 6C (6th Floor), to consider
21  the fairness, adequacy and reasonableness of the proposed Settlement preliminarily
22  approved by this Order of Preliminary Approval, and to consider the application of
23  Class Counsel for an award of reasonable attorneys' fees and litigation expenses,
24  Class Representative service payment, and for the Administrator expenses
25  incurred.  The Court does has some concern about Plaintiff's request for a $10,000
26  incentive award, which is double the amount considered presumptively reasonable
27  in the Ninth Circuit, given his stated level of involvement in this matter.  *Carlin v.*
28  *DairyAmerica, Inc.*, 380 F. Supp. 3d 998, 1024 (E.D. Cal. 2019); *see also*

*Wells Fargo & Co. S'holder Derivative Litig.*, 445 F. Supp. 3d 508, 534 (N.D. Cal. 2020) ("An incentive award of $5,000 is presumptively reasonable, and an award of $25,000 or even $10,000 is considered 'quite high.'").  Further, Plaintiff's counsel seeks an award of fees that exceeds the 25% benchmark, Motion, Dkt. No. 46-1, at 21.  The Court will conduct a closer inspection of Plaintiff's requested attorneys' fees and incentive award at the final review stage.

12.   IT IS FURTHER ORDERED that all papers in support of the request for Final Approval of the Class Action Settlement, and Class Counsels' requests for awards of attorneys' fees and litigation costs, the Class Representative service payment, the payment to California Labor Workforce and Development Agency, and Administration expenses shall be served and filed with the Court at least twenty-eight (28) calendar days before the Final Approval Hearing.

13.   IT IS FURTHER ORDERED that if, for any reason, the Court does not execute and file an Order Granting Final Approval and Judgment, or if the Effective Date, as defined by the Agreement, does not occur for any reason whatsoever, the Agreement and the proposed Settlement subject of this Order and all evidence and proceedings had in connection therewith, shall be null and void and without prejudice to the *status quo ante* rights of the Parties to the litigation as more specifically set forth in the Agreement.

14.   IT IS FURTHER ORDERED that, pending further order of this Court, all proceedings in this matter except those contemplated in this Order and in the Settlement Agreement are stayed.

15.   The Court expressly reserves the right to adjourn or continue the Final Approval Hearing from time-to-time without further notice to Class Members, except that notice of a continuance shall be provided to Class Members who may submit written objections.

16. The following timeline will govern proceedings through the Final Approval Hearing:

| DEADLINE | EVENT |
|---|---|
| **NOVEMBER 19, 2021** (Thirty days after entry of this Order) | Deadline to forward Class Data List to Administrator |
| **DECEMBER 10, 2021** (Twenty-one days after Class Data List sent to Administrator) | Deadline to mail notice |
| **FEBRUARY 14, 2022** (Fourteen days prior to Response Deadline) | Deadline for Class Counsel to file their motion for attorneys' fees, costs, service award for the class representative, administration expenses, and payment to the California Labor Workforce and Development Agency |
| **FEBRUARY 28, 2022** (Sixty days after Notice Deadline, plus twenty days if remailed) | Deadline for Class Members to submit exclusion requests, disputes, or objections |
| **FEBRUARY 25, 2022** (Twenty-eight days before Final Approval Hearing) | Deadline to file responses to objections and motion for final approval |
| **MARCH 11, 2022** | Deadline to file supplemental Administrator's declaration |
| **MARCH 25, 2022** (At the Court's convenience but no earlier than 120 days after entry of this order) | Final Approval Hearing |

IT IS SO ORDERED.

Dated: October 20, 2021



Honorable Stanley Blumenfeld, Jr.
United States District Court Judge